UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTOPHER I. SIMMONS, | ) | 1:07-CV-01058 LJO NEW (DLB) HC |
| Petitioner, | ) | |
| v. | ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| ANTHONY HEDGPETH, Warden, et al., | ) | |
| Respondents. | ) | |

On July 23, 2007, Petitioner filed a petition for writ of habeas corpus in this Court.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to

1  42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.
2  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at
3  574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.
4        In this case, Petitioner claims he is in imminent danger of suffering a stroke due to deliberate
5  indifference on the part of prison staff to conditions of significant heat waves. Petitioner is
6  challenging the conditions of his confinement, not the fact or duration of that confinement.  Thus,
7  Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.  Should
8  Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint
9  pursuant to 42 U.S.C. § 1983.

**RECOMMENDATION**

11      Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be
12  DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas
13  corpus relief.  The Court further RECOMMENDS that the Clerk of Court be DIRECTED to send
14  Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.
15      This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,
16  United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule
17  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
18  California.  Within twenty (20) days after being served with a copy, any party may file written
19  objections with the court and serve a copy on all parties.  Such a document should be captioned
20  "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall
21  be served and filed within ten (10) court days (plus three days if served by mail) after service of the
22  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
23  (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive
24  the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
25      IT IS SO ORDERED.
26      **Dated:   August 20, 2007**             /s/ **Dennis L. Beck**
                                                                          UNITED STATES MAGISTRATE JUDGE