# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER I. SIMMONS, | CASE NO. 1:07-cv-01058-LJO-GBC PC |
| Plaintiff, | ORDER DENYING MOTION FOR CONSOLIDATION |
| v. | (Doc. 20) |
| ANTHONY HEDGPETH, | |
| Defendant. | |

## I. Procedural History

Plaintiff Christopher I. Simmons ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, originally filed a petition for writ of habeas corpus on July 23, 2007. On October 3, 2007, the Court dismissed the petition as erroneously filed and found that the proper method for Plaintiff to challenge the conditions of his confinement was through 42 U.S.C. § 1983. Plaintiff appealed and on April 15, 2010, the Ninth Circuit reversed and remanded the Court's order made on October 3, 2007. As consistent with the disposition of the Ninth Circuit's opinion issued on April 15, 2010, the Court has construed Plaintiff's habeas petition as a civil rights complaint pursuant to 42 U.S.C. 1983. See also Galligher v. McCarthy, 470 F.2d 740, 741 (9th Cir. 1972).

On May 3, 2010, Plaintiff filed a motion to consolidate this instant case (1:07-cv-01058-LJO-GBC) with Simmons v. CDCR et al., 1:10-cv-00553-AWI-MJS and Simmons v. Akanno et al., 1:09-cv-00659-GBC. Plaintiff suggests that Simmons v. Akanno, was his attempt of refiling this instant case as a § 1983 action as well as raising new claims to seek emergency injunctive relief. In his motion, Plaintiff does not explain how Simmons v. CDCR is similar to the other two currently

1 opened cases.  However, Plaintiff refers to a "Notice of Related Case" that he filed in Simmons v.
2 Akanno, which states that Simmons v. CDCR "contains a common nucleus of operative facts
3 identical to the allegations set for in [the Simmons v. Akanno] action."

4     The Court has carefully reviewed the three cases in question and concludes that the three
5 cases are not appropriate for consolidation.  When actions involving a common question of law or
6 fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in
7 issue in the actions; it may order all the actions consolidated; and it may make such orders
8 concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. Pro.
9 42(a).  The grant or denial of a motion to consolidate rests in the trial court's sound discretion, and
10 is not dependant on party approval.  Investors Research Co. v. United States Dist. Ct., 877 F.2d 777
11 (9th Cir. 1989); Cantrell v. GAF Corp., 999 F.2d 1007, 1007, 1001 (6th Cir. 1993).  In determining
12 whether to consolidate actions, the court weighs the interest of judicial convenience against the
13 potential for delay, confusion, and prejudice caused by consolidation.  Southwest Marine, Inc., v.
14 Triple A. Mach. Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989).

15     The court finds that, based on its review of the three cases, this instant case does not share
16 the same defendant as those listed in Simmons v. Akanno and in Simmons v. CDCR.  Moreover,
17 although there are events and individuals that overlap in all three of the cases, all three cases contain
18 a long narrative spanning several years of unrelated claims and defendants which will eventually
19 need to be in separate civil suits.  See Lira v. Herrera, 427 F.3d 1164, 1175 (9th Cir. 2005)
20 (observing the common occurrence in prisoner civil suits to raise several unrelated claims in a single
21 lawsuit); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (finding that pursuant to Fed. R. Civ.
22 P. 18(a), plaintiffs subject to the Prison Litigation Reform Act cannot pursue multiple, unrelated
23 claims).
24 ///
25 ///
26 ///
27 ///
28 ///

///

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for consolidation of <u>Simmons v. Hedgpeth</u>, 1:07-cv-01058-LJO-GBC with <u>Simmons v. CDCR et al.</u>, 1:10-cv-00553-AWI-MJS and <u>Simmons v. Akanno et al.</u>, 1:09-cv-00659-GBC is DENIED.

IT IS SO ORDERED.

Dated:   December 6, 2010

UNITED STATES MAGISTRATE JUDGE