# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER I. SIMMONS, | CASE NO: 1:07-cv-01058-LJO-GBC (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE REGARDING REVOCATION OF IN FORMA PAUPERIS STATUS |
| v. | |
| ANTHONY HEDGPETH, | (Doc. 1) |
| Defendant. | |
| _____/ | |

Christopher Simmons ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff erroneously filed his complaint on July 23, 2007 as a habeas petition. (Doc. 1). As such, in forma pauperis ("IFP" status was erroneously granted without requiring payment of the filing fee. (Doc. 3). After the action was dismissed and directed to resubmit action arising under 42 U.S.C. § 1983, the Ninth Circuit reversed and remanded the case, directing the Court to construe Plaintiff's habeas petition as a § 1983 action. (Doc. 19). The case proceeded without ever correcting the erroneous grant of IFP status under a habeas standard.

A review of the record of actions and appeals filed by Plaintiff in the United States District Court and in the Ninth Circuit reveals that Plaintiff filed three or more actions or appeals that were dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted.

Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner

1

has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1]  Determining whether Plaintiff's actions and appeals count as strikes under section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

The Court takes judicial notice that Plaintiff has two prior actions dismissed for being frivolous or for failing to state a claim for which relief can be granted under section 1983.  Those cases are: *Simmons v. Sacramento Super. Ct., et al.*, 2:00-cv-02596-GEB-JFM (PC) (E.D. Cal.) (dismissed June 20, 2001, for failure to state a claim) and *Simmons v. Sacramento Super. Ct., et al.*, 2:99-cv-00789-FCD-JFM (PC) (E.D. Cal.) (dismissed August 24, 1999, for being frivolous).

Generally, a dismissal for failure to prosecute does not fall within the plain language of Section 1915(g).  However, a court is to carefully evaluate the substance of the dismissal and where the merits of the claim have been determined to be frivolous or malicious, it counts as a strike.  *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005); *see also O'Neal v. Price*, 531 F.3d 1146, 1152-53 (9th Cir. 2008) (interpreting the term "dismissed" under section 1915(g) to include when a trial court denies request to file an action without prepayment of the filing fee on the ground that complaint is frivolous and then subsequently terminates the complaint).  Moreover, section 1915(e)(2) requires appellate courts to dismiss all appeals that are frivolous, malicious or fails to state a claim on which relief may be granted.  28 U.S.C. 1915(e)(2); *see also O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 436 (D.C. Cir. 2007).

The Court takes judicial notice of the following appellate cases: 1) *Simmons v. Sacramento*

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]."  *Andrews v. King*, 398 F.3d 1113, 1116 n.1(9th Cir. 2005).

1   *County Super. Ct., et al.*, No. 99-17234 (9th Cir.) (dismissed March 9, 2000); 2) *Simmons v. Clark,*

2   *et al.*, No. 01-16488 (9th Cir.) (dismissed December 19, 2001); and 3) *Simmons v. Clark, et al.*, 88

3   Fed.Appx. 275, 2004 WL 363452, No. 03-15439 (9th Cir.) (dismissed February 26, 2004).   In

4   *Simmons v. Sacramento County Super. Ct.*, No. 99-17234 and *Simmons v. Clark*, No. 01-16488, the

5   Ninth Circuit found in each case that the appeals were frivolous and/or failed to state a claim and

6   denied Plaintiff's request to proceed in forma pauperis.  Since Plaintiff did not pay the required filing

7   fee, both appeals were dismissed for failure to prosecute.  *Simmons v. Sacramento County Super.*

8   *Ct., et al.*, No. 99-17234 (9th Cir.) (dismissed March 9, 2000); 2) *Simmons v. Clark, et al.*, No.

9   01-16488 (9th Cir.) (dismissed December 19, 2001).

10          In *Simmons v. Clark, et al.*, 88 Fed.Appx. 275, 2004 WL 363452, No. 03-15439, the Ninth

11   Circuit affirmed the district court's dismissal of Plaintiff's action pursuant to section 1915(g)

12   because "the record show[ed] that Simmons has, on three or more prior occasions, brought an action

13   that was dismissed as frivolous, malicious, or for failure to state a claim."  *Simmons v. Clark, et al.*,

14   88 Fed.Appx. 275, 275.

15          It appears to the Court that Plaintiff has three or more strikes and became subject to section

16   1915(g) well before Plaintiff filed this action on July 23, 2007.  Therefore, the Court finds that

17   Plaintiff should be precluded from proceeding in forma pauperis unless he is, at the time the

18   complaint is filed, under imminent danger of serious physical injury.  Because Plaintiff has on three

19   prior occasions brought civil actions and appeals that have been dismissed as frivolous or for failure

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

to state a claim, the Court HEREBY ORDERS:

1.  Plaintiff SHALL SHOW CAUSE within thirty (30) days of the date of service of this order why the abovementioned actions and appeals do not count as "strikes" under 28 U.S.C. § 1915(g) and why the Court should not revoke Plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g) and why the action should not be dismissed without prejudice to allow Plaintiff to refile with the submission of the $350.00 filing fee.

IT IS SO ORDERED.

Dated:     April 27, 2011

_____
UNITED STATES MAGISTRATE JUDGE

4