# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER I. SIMMONS, | CASE NO: 1:07-cv-01058-LJO-GBC (PC) |
| Plaintiff, | ORDER DENYING MOTION TO PROCEED AS A CLASS ACTION |
| v. | ORDER GRANTING MOTION TO FILE FIRST AMENDED COMPLAINT |
| ANTHONY HEDGPETH, | |
| Defendant. | (Doc. 26) |

Christopher Simmons ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On April 21, 2011, Plaintiff filed a motion requesting leave to file an amended complaint as a class action. (Doc. 26).

To the extent that Plaintiff seeks certification of this litigation as a class action, the Court denies Plaintiff's motion. Plaintiff is not an attorney and he is proceeding without counsel. A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *Fymbo v. State Farm Fire & Casualty Co.*, 213 F.3d 1320, 1321 (2000). While a non-attorney proceeding pro se may bring his own claims to court, he may not represent others. *E.g., Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008); *Fymbo*, 213 F.3d at 1321; *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *C. E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Therefore, Plaintiff's request for class action certification is denied.

As it appears that Plaintiff is also motioning to file a first amended complaint, the Court will address that request as well. Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may

amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, a responsive pleading has not been served and Plaintiff has not previously amended his complaint. Therefore, Plaintiff may file an amended complaint without leave of the Court.

In addition, Plaintiff is advised that his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948-49 (2009). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citations omitted). Finally, an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to proceed as a class action, filed April 21, 2011, is DENIED (Doc. 26); and
2. Plaintiff's for leave to amend filed on April 21, 2011, is GRANTED. (Doc. 26).

IT IS SO ORDERED.

Dated:     November 3, 2011

UNITED STATES MAGISTRATE JUDGE