# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER I. SIMMONS,<br><br>        Plaintiff,<br><br>    v.<br><br>ANTHONY HEDGPETH,<br><br>        Defendant.<br>_____/ | CASE NO: 1:07-cv-01058-LJO-GBC (PC)<br><br>ORDER DISCHARGING THE ORDER TO SHOW CAUSE FILED ON APRIL 27, 2011<br><br>(Doc. 27)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND CORRECT IFP FORM<br><br>ORDER DIRECTING PLAINTIFF TO SUBMIT CORRECT IFP FORM<br><br>THIRTY DAY DEADLINE |

     Christopher Simmons ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis ("IFP") in this civil rights action filed pursuant to 42 U.S.C. § 1983. On April 27, 2011, the Court issued an order to show cause as to why Plaintiff's IFP status should not be revoked pursuant to 28 U.S.C. § 1915(g). (Doc. 27). After being granted three extensions of time, Plaintiff filed a response on September 6, 2011. (Docs, 35, 36, 37).

     Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1] Plaintiff does not dispute the Court's finding that Plaintiff has "three strikes" pursuant to 28 U.S.C. § 1915(g), rather, Plaintiff argues that he falls within the imminent danger exception. (Doc. 27). The Court agrees with Plaintiff that he falls within the imminent danger exception of 28 U.S.C. § 1915(g). Prisoners qualify for the "imminent danger" exception in § 1915(g) "if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir.2007). Moreover, the exception focuses on the risk presented in an "ongoing danger" that the conduct complained of threatens continuing or future injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1056-57 (9th Cir.2007) (adopting Eighth Circuit "ongoing danger" standard).

In his complaint and his response to the order to show cause, Plaintiff alleges that he is a disabled prisoner with hypertension and "medication that presents a high risk of a heat stroke from high temperatures." (Doc. 27 at 1-3 and 6; Doc. 1 at 6, 8). Plaintiff further alleges that in addition to his hypertension medication which presents severe health risks with prolonged exposure to heat, Plaintiff suffers from a mental illness that requires medications that further present a high risk of heat stroke. (Doc. 27 at 1-3 and 6; Doc. 1 at 6, 8). Plaintiff alleges that there were heat waves during the summer of 2007 and that: 1) his housing unit was in excess of 105 degrees; 2) there was no air flowing from the ventilation; 3) the heat wave caused nineteen deaths in the region and the temperature in the location of the prison climbs in excess of 110 and 118 degrees during the summer; 4) medical personnel were failing to monitor "heat risk patients" as required by providing ice, cold showers and other remedies to protect against the risk of heat stroke; 5) at the time of filing the complaint, Plaintiff was locked in the housing unit 85% of the time; and 6) prison officials measured the temperature in the morning and not during the peak heat time of day. (Doc. 27 at 6-8, 10; Doc. 1 at 6-8, 11).

A prisoner with an existing medical vulnerability to heat strokes, remaining in his cell 85 percent of the time, in a region prone to excessively hot summers combined with persistent problems

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1(9th Cir. 2005).

with cooling and insufficient preventative medical response presents an ongoing danger and therefore meets the imminent danger exception to § 1915(g). *See Andrews v. Cervantes*, 493 F.3d 1047, 1056-57 (9th Cir.2007).[2]

For the foregoing reasons, the Court finds that Plaintiff's complaint satisfied the imminent danger exception to 28 U.S.C. § 1915(g) at the time he filed that complaint. However, as previously noted in the Court's order to show cause, in forma pauperis status was erroneously granted as a habeas case without requiring payment of the filing fee. (Doc. 27). Therefore, Plaintiff must re-submit the correct in forma pauperis application. Therefore, the Court HEREBY ORDERS that:

1. The Court's Order to Show Cause filed on April 27, 2011 is DISCHARGED;
2. The Clerk's Office is Directed to send Plaintiff the correct IFP form for § 1983 prisoner cases; and
3. Plaintiff has THIRTY (30) days from receiving service of this order to submit the correct IFP form.

IT IS SO ORDERED.

Dated: November 3, 2011

UNITED STATES MAGISTRATE JUDGE

---

[2] Although the Ninth Circuit has yet to address the specific issue of whether potential to suffer from heat stroke amounts to imminent danger, the Eighth Circuit in *Martin v. Shelton*, applied the "ongoing danger' standard to a claim similar to Plaintiff's. *See Martin v. Shelton*, 319 F.3d 1048, 1049-51 (8th Cir. 2003). In *Martin v. Shelton*, the plaintiff alleged that prison staff forced the plaintiff to work for one day in humid 98-degree weather despite his high blood pressure condition and plaintiff quit working out of fear of suffering from a heat related stroke. *Shelton*, 319 F.3d at 1049-50. The Eighth Circuit concluded that the one time past misconduct of exposing plaintiff to the risk of heat stroke did not fall within the imminent danger exception. *Shelton*, 319 F.3d at 1050-51. The facts in this action are distinguishable from those in *Shelton*.