# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER I. SIMMONS, | Case No.  1:07-cv-01058-LJO-SAB (PC) |
| Plaintiff, | ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS IDENTIFIED HEREIN |
| v. | |
| ANTHONY HEDGPETH, et al., | (ECF NO. 45) |
| Defendants. | |

## I.

## PROCEDURAL HISTORY

Plaintiff Christopher I. Simmons ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA").  Plaintiff initiated this action on July 23, 2007.  (ECF No. 1.)  On December 20, 2011, the Court screened Plaintiff's original complaint and dismissed it, with leave to amend, for failing to state any claims upon which relief may be granted.  (ECF No. 42.)  Plaintiff filed his first amended complaint, titled "Eight Amendment Cause of Action for Damages Pursuant to 42 U.S.C. § 1983[1]," on February 17, 2012.  (ECF No. 45.)

---

[1] Plaintiff's operative pleading will be cited herein as "First Amended Complaint," or "First Am. Compl."

1    For the reasons set forth below, the Court finds that Plaintiff states some cognizable

2  claims and will order Plaintiff to either amend his complaint or notify the Court that he wishes to

3  proceed only on the claims identified herein.

4                                              **II.**

5                                        **SCREENING**

6    The Court is required to screen complaints brought by prisoners seeking relief against a

7  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

8  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

9  "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that

10 "seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. §

11 1915(e)(2)(B).

12    A complaint must contain "a short and plain statement of the claim showing that the

13 pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

14 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

15 conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

16 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

17    Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings

18 liberally construed and to have any doubt resolved in their favor, but the pleading standard is now

19 higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to

20 survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual

21 detail to allow the Court to reasonably infer that each named defendant is liable for the

22 misconduct alleged, Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969

23 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient,

24 and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the

25 plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

26 / / /

27 / / /

28 / / /

### III.

### COMPLAINT ALLEGATIONS

Plaintiff is currently in custody in the California Medical Facility ("CMF") in Vacaville, California.  However, the incidents described in Plaintiff's complaint took place while he was incarcerated at Kern Valley State Prison ("KVSP") in Delano, California.   Plaintiff names Anthony Hedgpeth (warden), Nate Dill, Jr. (associate warden), R. Grissom (associate warden), P. Keiley (correctional plant manager), A. St. Lucia (Chief Engineer), Jonathan Akanno (physician), L. Sauceda (nurse), T. Ellstrom (nurse), Rufino (nurse), M. Rients (correctional officer), Rubles (correctional officer) and Does 1-50 as defendants (collectively referred to as "Defendants").

Plaintiff's complaint describes various incidents that occurred while Plaintiff was at KVSP.  The incidents fall into three categories: (A) allegations pertaining to Plaintiff's request for "heat risk" accommodations, (B) allegations pertaining to Plaintiff's requests for pain medication, (C) allegations pertaining to an incident where Plaintiff was dropped off a gurney, and (D) allegations pertaining to a retaliation incident where Plaintiff was given a rules violation report after Plaintiff indicated that he was going to file a staff complaint.

### A.      "Heat Risk" Allegations

On June 24, 2006, Plaintiff filed a request "to provide adequate air circulation to prevent suffering a heat stroke."  (Compl. ¶ 29.)  Plaintiff contends that he was identified as a "heat risk" patient and required monitoring.  (Compl. ¶ 29.)  Plaintiff alleges that Defendants R. Grissom, P. Keiley, A. St. Lucia, T. Ellstrom and Doe Nurses 1-10 denied Plaintiff's requests for adequate air circulation, ice, cold showers and access to cold water which were necessary for Plaintiff's "heat risk."  (Compl. ¶ 46.)  Plaintiff also contends that Defendants Does #1-10 and Defendant St. Lucia failed to monitor the temperature for Plaintiff on July 20, 2006.  (Compl. ¶ 29.)  Plaintiff also contends that he was denied access to cold water or ice and was locked in his cell without air during a heat wave.  (Compl. ¶ 29.)

### B.      Pain Medication Allegations

On July 28, 2006, Defendant Akanno violated Plaintiff's Eighth Amendment rights when he "denied the benefits of hot packs for PLAINTIFF's serious medical needs, and based that

1   decision on PLAINTIFF not being granted an "extra privilege."  (First Am. Compl. ¶ 20.)

2        On October 25, 2006, Defendants T. Ellstrom and M. Rients "interfered with

3   PLAINTIFF's prescribed medications for his severe debilitating pain, causing PLAINTIFF to

4   unnecessarily suffer severe debilitating pain the entire night without pain medications.  (Compl.

5   23.)  On July 10, 2007, Defendant L. Sauceda "interfered with PLAINTIFF's prescribed pain

6   medications, and had caused a significant change in the dosage from every 8 hours to every 12

7   hours resulting in PLAINTIFF unnecessarily suffering severe debilitating pain."  (Compl. ¶ 30.)

8        On August 22, 2007, Defendant Akanno "conspired to cover-up the illegal actions of

9   Defendant Sauceda when Defendant Akanno changed the medical order from every eight hours to

10  BID or every 12 hours ... despite PLAINTIFF's specific requested action not to change the

11  medical order as a reprisal, violating PLAINTIFF's 1st Amendment right."  (Compl. ¶ 32.)

12  Plaintiff filed a grievance regarding his medication.  (Compl. ¶ 33.)  Plaintiff contends

13  Defendants Sauceda, Rufino and Ellstrom, an individual called "Moorehead[2]," and other nurses

14  continued to deprive Plaintiff of his medication on several occasions in response to the grievance.

15  (Compl. ¶ 33.)

16       **C.     Gurney Incident Allegations**

17       On October 13, 2006, "Defendant DOE Nurse, Defendant DOES 1-4 C/O's ... dumped

18  PLAINTIFF off a gurney while his midsection was secured to the gurney immediately following

19  PLAINTIFF falling off his wheelchair, causing the unnecessary and wanton infliction of severe

20  debilitating pain."  (Compl. ¶ 21.)  Plaintiff was later transported "to CTC" and received "a single

21  pill" for treatment.  (Compl. ¶ 22.)  Plaintiff contends that he suffered severe debilitating pain that

22  night.  (Compl. ¶ 22.)

23       Plaintiff filed an administrative appeal regarding the gurney incident.  On November 22,

24  2006, Defendants M. Rients and T. Ellstrom "failed to document PLAINTIFF's witness statement

25  by Maurice Jackson" and "Defendant Hedgpeth failed to correct the denial of introducing this

26  evidence."  (Compl. ¶ 26.)  Plaintiff alleges that Defendant Nate Dill reviewed Plaintiff's appeal

27

28  [2] Moorehead is not named as a defendant in Plaintiff's complaint.

1  regarding the gurney incident and "failed to correct staff's misconduct on 2/2/07." (Compl. ¶ 25.)

2  **D.      Retaliation Allegations**

3  Plaintiff alleges that Defendant M. Rients violated Plaintiff's First Amendment rights by

4  retaliating against Plaintiff by issuing Plaintiff a rule violation report ("RVR") after Plaintiff

5  indicated that he was going to file a staff misconduct complaint. (Compl. ¶ 24.) Plaintiff also

6  contends that Rients "rushed in PLAINTIFF's cell to forcibly take a paper envelop[e]

7  PLAINTIFF had waiting for Defendant T. Ellstrom to return and PLAINTIFF could obtain her

8  name not displayed as required by policy." (Compl. ¶ 24.)

9  **IV.**

10  **DISCUSSION**

11  **A.      Eighth Amendment Deliberate Indifference Claims**

12  Plaintiff raises claims under Section 1983 for violation of the Eighth Amendment's

13  prohibition against cruel and unusual punishments. To constitute cruel and unusual punishment

14  in violation of the Eighth Amendment, prison conditions must involve "the wanton and

15  unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's

16  claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official

17  deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison

18  official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057

19  (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).

20  In order to find a prison official liable under the Eighth Amendment for denying humane

21  conditions of confinement within a prison, the official must know "that inmates face a substantial

22  risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it."

23  Farmer v. Brennan, 511 U.S. 825, 847 (1994).

24  To maintain an Eighth Amendment claim based on prison medical treatment, an inmate

25  must show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition

26  could result in further significant injury or the unnecessary and wanton infliction of pain, and (2)

27  a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.

28  2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to

5

respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Id.

1.  Eighth Amendment Heat Risk Claims (Against Grissom, Keiley, St. Lucia, Ellstrom and Doe Nurses #1-10)

Plaintiff alleges that he suffers from a condition that places him at "heat risk" which requires adequate air circulation to prevent heat stroke.  Plaintiff also alleges that he requires access to cold water.  Plaintiff requested accommodations for his "heat risk," but those requests were denied by Defendants R. Grissom, P. Keiley, A. St. Lucia, T. Ellstrom and Doe Nurses #1-10.  Plaintiff also contends that Defendants Does #1-10 and Defendant St. Lucia failed to adequately monitor Plaintiff.   Construed liberally, Plaintiff states a cognizable Eighth Amendment claim against Grissom, Keiley, St. Lucia, Ellstrom and Doe Nurses 1-10 for deliberate indifference toward Plaintiff's "heat risk" condition.

2.  Eighth Amendment Pain Medication Claims (Against Ellstrom, Rients, Sauceda, Akanno and Rufino)

Plaintiff also alleges that he was deprived of pain medication.  Plaintiff contends that Defendant Akanno denied Plaintiff's requests for "hot packs" and Defendants Ellstrom, Rients, Sauceda, Akanno and Rufino withheld pain medication from Plaintiff at various points in time, causing Plaintiff to suffer debilitating pain.  Construed liberally, Plaintiff states a cognizable Eighth Amendment claim against Defendants Ellstrom, Rients, Sauceda, Akanno and Rufino for deliberate indifference toward Plaintiff's pain.

3.  Eighth Amendment Gurney Incident Claims (Against Doe Nurse and four Doe Correctional Officers)

Additionally, Plaintiff alleges that a Doe nurse and four Doe correctional officers "dumped" Plaintiff off a gurney, causing severe debilitating pain.  Construed liberally, Plaintiff states a cognizable Eighth Amendment claim against this Doe nurse and four Doe correctional officers.  However, as noted below, while this claim may be cognizable, it is improperly joined to this action.  See discussion, infra, Part IV.E.

/ / /

/ / /

/ / /

6

**B.     ADA/RA Claims**

Plaintiff raises claims under the ADA and the RA.  In order to state a claim for disability discrimination under the ADA, Plaintiff must allege four elements: (1) that Plaintiff is an individual with a disability; (2) that Plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) that Plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of Plaintiff's disability.  Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002) (citing Weinrecih v. L.A. County Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997).  Under the Rehabilitation Act, Plaintiff must show that: (1) he is disabled; (2) he is otherwise qualified to receive a program benefit; (3) that he was denied the benefit of a program solely by reason of his disability; and (4) the program receives federal financial assistance.  Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001).

Plaintiff claims that his rights under the ADA and RA were violated because his requests for adequate air circulation and access to cold water were denied.  However, even assuming that Plaintiff's "heat risk" was a disability within the meaning of the ADA/RA, the ADA/RA "prohibits discrimination because of disability, not inadequate treatment for disability."  Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1022 (9th Cir. 2010); see also Payne v. Arizona, No. CV 09-01195-PHX-NVW, 2012 WL 1151957, at *4 (D. Ariz. Apr. 5, 2012).  Similarly, under the Rehabilitation Act, Plaintiff must show that he was denied benefits by reason of his disability. Duvall, 260 F.3d at 1135.  Here, Plaintiff does not state facts that plausibly support the conclusion that he was denied treatment and accommodations because of his disability.  Plaintiff merely alleges that he is disabled and prison officials failed to provide treatment and accommodations for his disability.  Accordingly, Plaintiff fails to state any claims under the ADA or the RA.

**C.     Retaliation Claims**

Plaintiff claims that his First Amendment rights were violated by prison officials who retaliated against him for filing grievances and complaints.  "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so."

1  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262,

2  1269 (9th Cir. 2009)).  A retaliation claim in the prison context has five elements: (1) the plaintiff

3  engaged in protected conduct, (2) the defendant took adverse action against the plaintiff, (3) there

4  was a causal connection between the adverse action and the protected conduct, (4) the official's

5  acts would chill or silence a person of ordinary firmness from future First Amendment activities,

6  and (5) the retaliatory action did not advance legitimate goals of the correctional institution.  Id.

7          Here, Plaintiff alleged that Defendant Rients gave Plaintiff a rules violation report after

8  Plaintiff stated that he would file a staff misconduct complaint.  Liberally construed, Plaintiff

9  states a cognizable retaliation claim against Defendant Rients.

10         Plaintiff also alleges that Defendants Akanno, Sauceda, Rufino and Ellstrom withheld

11  pain medication from Plaintiff in retaliation for filing a grievance in October 2007 about his

12  medical treatment.  Liberally construed, Plaintiff states a cognizable retaliation claim against

13  Akanno, Sauceda, Rufino and Ellstrom.

14         **D.       Plaintiff's Remaining Claims**

15         Plaintiff's First Amended Complaint fails to state any other claims.  Specifically,

16  Plaintiff's allegations against Defendant Hedgpeth fail to state a claim.  Plaintiff merely states

17  that Hedgpeth failed to take corrective action in response to Defendants Rients Ellstrom's refusal

18  to document a witness statement.  These facts do not state a claim under Section 1983, the ADA

19  or the RA.

20         Plaintiff's allegations against Defendant Dill fail to state a claim.  Plaintiff alleges that

21  Dill failed to take corrective action in response to the gurney incident.  These facts do not state a

22  claim under Section 1983, the ADA or the RA.

23         Plaintiff's First Amended Complaint does not contain any specific allegations with respect

24  to Defendant Rubles.  Accordingly, Plaintiff fails to state any claims against Defendant Rubles.

25         Finally, Plaintiff's allegations regarding the processing of his administrative appeal, the

26  failure to document evidence and the failure to take corrective action after the gurney incident do

27  not state a claim.  These facts do not state a claim under Section 1983, the ADA or the RA.

28  / / /

8

### E.    Improper Joinder

Plaintiff attempts to improperly assert several unrelated claims in this action.   In the December 20, 2011 screening order, the Court informed Plaintiff that per Federal Rule of Civil Procedure 18 and 20, he may only join claims in the same action which (1) stem from the same transaction or occurrence or (2) involve the same defendants.[3]   The Court further informed Plaintiff that unrelated claims must be filed in separate actions.

As set forth above, Plaintiff states cognizable claims against Defendants Grissom, Keiley, St. Lucia, Ellstrom and Doe Nurses 1-10 in connection with Plaintiff's "heat risk" condition ("heat risk claims"), cognizable claims against Defendants Ellstrom, Rients, Sauceda, Akanno and Rufino in connection with Plaintiff's pain medication, including a subset of claims against Akanno, Sauceda, Rufino and Ellstrom for retaliation ("pain medication claims"), a cognizable claim against Rients for retaliation ("RVR retaliation claim") and cognizable claims against Defendants one Doe nurse and four Doe correctional officers in connection with the gurney incident ("gurney incident claims").   Plaintiff did not allege that any of the Doe defendants involved in the gurney incident are the same Doe defendants involved in the "heat risk" incidents. Accordingly, the gurney incident claims appear to be improperly joined in this action.

As set forth below, the Court will order Plaintiff to file an amended complaint or proceed on the heat risk claims, pain medication claims and RVR retaliation claims.   If Plaintiff opts to file an amended complaint, he must either file his gurney incident claims in a separate action or state facts that show why joinder in this action is appropriate, i.e., allege that the Doe defendants in the gurney incident were the same Doe defendants in the "heat risk" incidents.   If Plaintiff opts to proceed on the claims identified above, the Court will dismiss Plaintiff's gurney incident claims without prejudice to Plaintiff's ability to file those claims in a separate action.

///

///

---

[3]  Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to a single lawsuit when they are against the same defendant.  Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action."

**V.**

**CONCLUSION AND ORDER**

Plaintiff's first amended complaint states (1) cognizable claims against Defendants Grissom, Keiley, St. Lucia, Ellstrom and Does #1-10 (nurses) for claims arising from Plaintiff's "heat risk" condition, (2) cognizable claims against Defendants Ellstrom, Rients, Sauceda, Akanno and Rufino for claims arising from the deprivation of Plaintiff's pain medication, and (3) a cognizable claim against Defendant Rients for issuing Plaintiff a retaliatory rules violation report. Plaintiff's first amended complaint also states claims against one Doe nurse and four Doe correctional officers arising from the gurney incident, but the Court finds that those claims are improperly joined in this action. Plaintiff's complaint fails to state claims against any other defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the "heat risk" claims and the pain medication claims, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff eight (8) summonses and eight (8) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).

10

1   In other words, it is not necessary at this stage to submit evidence to prove the allegations in

2   Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

3        Although Plaintiff's factual allegations will be accepted as true and "the pleading standard

4   Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain

5   sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

6   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.

7   544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that

8   allows the court to draw the reasonable inference that the defendant is liable for the misconduct

9   alleged."  Id. (citing Twombly, 550 U.S. at 556).

10       Plaintiff is advised that an amended complaint supersedes the original complaint.  Forsyth

11  v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th

12  Cir. 1987).  The amended complaint must be "complete in itself without reference to the prior or

13  superseded pleading."  Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in

14  an original complaint which are not alleged in an amended complaint are waived."  King, 814

15  F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord

16  Forsyth, 114 F.3d at 1474.  In other words, even the claims that were properly stated in the

17  original complaint must be completely stated again in the amended complaint.

18       Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated

19  claims in the same action.  In this case, Plaintiff may not bring his gurney incident claims in the

20  same action as his heat risk claims, pain medication claims and RVR retaliation claim unless

21  Plaintiff alleges facts that show that joinder would be proper.

22       Based on the foregoing, it is HEREBY ORDERED that:

23       1.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

24       2.   Within thirty (30) days from the date of service of this order, Plaintiff must either:

25            a.   File an amended complaint curing the deficiencies identified by the Court

26                 in this order, or

27            b.   Notify the Court in writing that he does not wish to file an amended

28                 complaint and wishes to proceed only against Defendants Grissom, Keiley,

11

1    St. Lucia, Ellstrom, Rients, Sauceda, Akanno, Rufino and Does #1-10

2    (nurses); and

3    3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure

4    to obey a court order.

5

6

7    IT IS SO ORDERED.

8    Dated:   **March 14, 2013**

9    UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28