# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER I. SIMMONS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANTHONY HEDGPETH,<br><br>　　　　Defendant. | Case No.  1:07-cv-01058-LJO-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>ECF NO. 51 |

On April 23, 2013, the magistrate judge issued a Findings and Recommendations recommending that certain claims be dismissed from this action.  (ECF No. 51.)  The Findings and Recommendations issued after Plaintiff Christopher I. Simmons ("Plaintiff") notified the Court that he wished to proceed only on the claims found to be cognizable in the Court's April 5, 2013 screening order and consented to the dismissal of the claims that the Court deemed non-cognizable.  (See ECF Nos. 49, 50.)

On May 17, 2013, Plaintiff filed objections to the Findings and Recommendations.  (ECF No. 52.)  Plaintiff objected on the ground that, in a separate action, Christopher Simmons v. Anthony Hedgpeth, case number 1:10-cv-00553-RRB, Plaintiff was ordered to show cause why his claims in the separate action should not be dismissed because they are duplicative to the claims raised in this action.  Plaintiff argues that he attempted to consolidate the two actions, but his motion was denied.  Plaintiff further argues that he was prohibited from adding any new or

1

unrelated claims in this action via amendment.  Plaintiff filed objections to "inquire whether consolidation of these actions would be appropriate...." (Obj. to Magistrate Judge's Findings and Recommendations Dated April 23, 2013, at pg. 2.)

The arguments raised in Plaintiff's objections are irrelevant to the issues addressed in the magistrate judge's Findings and Recommendations.  The Court screened Plaintiff's First Amended Complaint and found that it stated some cognizable claims and some non-cognizable claims.  Plaintiff thereafter informed the Court that he wished to proceed only on the cognizable claims.  Plaintiff's prior attempts to consolidate this action with another action is irrelevant to the issue of whether the non-cognizable claims should be dismissed.  The Court's prior admonition to Plaintiff to refrain from adding new and unrelated claims[1] via amendment is irrelevant to the issue of whether the non-cognizable claims should be dismissed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of the case.  Having carefully reviewed the entire file, the Court finds that the Findings and Recommendations are supported by the record and by proper analysis.

1. The Findings and Recommendations dated April 23, 2013 are ADOPTED IN FULL (ECF No. 51);

2. This action shall proceed as one for damages against Defendants Grissom, Keiley, St. Lucia, Ellstrom, Rients, Sauceda, Akanno, Rufino and Does #1-10 (nurses); and

3. Plaintiff's claims against Defendant Anthony Hedgpeth, Nate Dill, Jr., and Rubles are dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **July 9, 2013**          /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff mischaracterizes the Court's prior admonitions as prohibiting Plaintiff from adding new or unrelated claims to this action.  The Court prohibited Plaintiff from adding new and unrelated claims to this action.

2