UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER I. SIMMONS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GRISSOM, et al.,<br><br>　　　　Defendants. | Case No.: 1:07-cv-01058-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>[ECF No. 67] |

　　　　Plaintiff Christopher I. Simmons is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　This action is proceeding against Defendants Grissom, Keiley, St. Lucia, Ellstrom and Does #1-10 (nurses) for deliberate indifference toward Plaintiff's "heat risk" condition, in violation of the Eighth Amendment, against Defendants Ellstrom, Rients, Sauceda, Akanno and Rufino for deliberate indifference arising from the deprivation of Plaintiff's pain medication, in violation of the Eighth Amendment, and against Defendants Rients, Akanno, Sauceda, Rufino and Ellstrom for retaliation, in violation of the First Amendment.

///

///

///

///

On February 14, 2014, Defendants Akanno, Grissom, Rients and St. Lucia filed a motion to dismiss the amended complaint.[1] Defendants Akanno, Grissom. St. Lucia and Rients move under Federal Rule of Civil Procedure 12(b)(6) to dismiss the case because the suit against Defendants Akanno and Rients is barred by the doctrine of res judicata, and because Plaintiff failed to state a claim upon which relief may be granted against Defendant Grissom.  Plaintiff filed an opposition on April 11, 2014, and Defendants filed a reply on April 25, 2014.

Based on the reasoning explained below, Defendants motion to dismiss should be denied in its entirety.

# I.

# DISCUSSION

## A.    Motion to Dismiss Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), cert. denied, 132 S.Ct. 1762 (2012).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any

---

[1] Defendants Ellstrom, Sauceda, Ruffino, Keiley, and Does 1-10 have not been served.

1  doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v.
2  Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011);
3  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

4  **B.   Res Judicata**

5  "The Federal Full Faith and Credit statute, 28 U.S.C. § 1738, requires federal courts to 'give to
6  a state-court judgment the same preclusive effect as would be given that judgment under the law of the
7  State in which the judgment was rendered." Gonzales v. California Department of Corrections and
8  Rehabilitation, 739 F.3d 1226, 1230 (9th Cir. 2014) (quoting Migra v. Warren City Sch. Dist. Bd. Of
9  Educ., 465 U.S. 75, 81 (1984).)

10  Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the
11  very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit."
12  New Hampshire v. Maine, 532 U.S. 742, 748 (2001). Issue preclusion bars "successive litigation of an
13  issue of fact or law actually litigated and resolved in a vale court determination essential to the prior
14  judgment." Id. at 748-749.

15  "California courts employ the 'primary rights' theory to determine what constitutes the same
16  cause of action for claim preclusion purposes." Gonzales v. California Department of Corrections and
17  Rehabilitation, 739 F.3d at 1232 (quoting Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009).) A
18  "'cause of action' is comprised of a 'primary right' of the plaintiff, a corresponding 'primary duty' of
19  the defendant, and a wrongful act by the defendant constituting a breach of that duty." Gonzales, 739
20  F.3d at 1232-1233 (quoting Crowley v. Katleman, 8 Cal.4th 666, 681 (1994).)

21  Pursuant to California law, "a judgment on a general demurrer will have the effect of a bar in a
22  new action in which the complaint states the same facts which were held not to constitute a cause of
23  action on the former demurrer or, notwithstanding differences in the facts alleged, when the ground on
24  which the demurrer in the former action was sustained is equally applicable to the second one."
25  Keidatz v. Albany, 39 Cal.2d 826, 828 (1952) (quoting McKinney v. County of Santa Clara, 110
26  Cal.App.3d 787, 794 (1980).)

27  In the instant federal complaint, Plaintiff sets forth federal constitutional claims, not claims
28  arising under California law, and the ground on which the state court granted demurrer appears to not

apply with equal force to the claims presented in this action. In the state court, Plaintiff alleged only violations of state law, to which the notice requirement set forth in the California Tort Claims Act applied, the ground on which the demurrer was sustained *with leave to amend*. In the instant federal complaint, Plaintiff alleges, and the Court has found, that Plaintiff alleged a potentially cognizable claim for deliberate indifference arising from the deprivation of Plaintiff's pain medication and retaliation claim against Defendants Akanno and Rient.

Furthermore, it is not clear from the docket of the Kern County Superior Court, case number S-1500-227380, of which this Court takes judicial notice,[2] that the state court action was "adjudicated on the merits" such that it would have res judicata effect upon the instant action. On November 14, 2008, the Superior Court sustained Defendants' demurrer on the ground that Plaintiff had failed to comply with the California Tort Claims Act, and Plaintiff was granted leave to amend. The docket reflects the case was dismissed on November 17, 2008. However, on December 30, 2008, a miscellaneous filing was submitted by Plaintiff and the docket reflects it is a "compliance statement." On January 8, 2009, the Superior Court issued an order to show cause in re: dismissal for failing to comply with Rule 3.110. On January 23, 2009, the action was again dismissed, without prejudice, upon the Court's own motion pursuant to California Rule of Court 3.110.[3] In light of the uncertainty as to the basis for which the Superior Court dismissed the prior state court action, without prejudice, the Court does not find the claim was "adjudicated on the merits."[4] Moreover, Defendants do not advance a sufficient legal basis to find that a demurrer for failure to comply with the California Tort Claims Act is an "adjudication on the merits" for purposes of a section 1983 complaint in federal court. Accordingly, Defendants' motion to dismiss on this ground should be denied.

**C.    Failure to State a Cognizable Claim Against Defendant Grissom**

---

[2] A court may take judicial notice of court filings and other matters of public record. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006). The Court notes that it does not take judicial notice of the veracity of the facts presented in the documents subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (a court may take judicial notice of another court's opinion, but not of the truth of the facts recited therein.) The docket of Kern County Superior Court in case number S-1550-2273380 appears at www.kern.county.ca.gov/.

[3] California Rule of Court Rule 3.110 deals with time for service of complaint, cross-complaint, and response.

[4] Because the Court finds that the elements of res judicata have not been proven, the Court does not address the claim that un-served Defendants Sauceda, Ellstrom, and Rufino are in privity with the Defendants Akanno and Rients.

Defendant Associate Warden Grissom moves for dismissal on the ground that the first amended complaint fails to state a cognizable claim for relief. Defendant argues that (1) there are no facts supporting a claim against him in his individual capacity; and (2) there is no basis to find liability under a theory of supervisory liability.

Plaintiff's first amended complaint was screened and the Court determined it stated a claim upon which relief may be granted. 28 U.S.C. § 1915A; Watison v. Carter, 668 F.3d at 1112. Defendant presents no arguments which persuade the Court it committed clear error in determining that Plaintiff's Eighth Amendment claim was cognizable or that any other grounds justifying relief from the screening order exist. See Ingle v. Circuit City, 408 F.3d 592, 594 (9th Cir. 2005) ("A district court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result.").

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). This requires the prisoner to demonstrate (1) the existence of an objectively serious risk of harm and (2) that, subjectively, prison officials knew of and disregarded that risk. Farmer, 511 U.S. at 834, 847; Thomas, 611 F.3d at 1150-51; Foster, 554 F.3d at 812.

Deliberate indifference is a two-party inquiry which requires a showing that prison officials were aware of the risk to the inmate's health or safety and that they deliberately disregarded that risk. Foster, 554 F.3d at 814 (citing Johnson, 217 F.3d at 734). "First, the inmate must show that the prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety." Thomas, 611 F.3d at 1150 (quoting Farmer, 511 U.S. at 837). "'A factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk is obvious,'" Foster, 554 F.3d at 814 (quoting Farmer, 511 U.S. at 842), and "'if an inmate presents evidence of very obvious and blatant

5

1 circumstances indicating that the prison official knew a substantial risk of serious harm existed, then it is proper to infer that the official must have known of the risk,'" Thomas, 611 F.3d at 1152 (quoting Foster, 554 F.3d at 814). "Second, the inmate must show that the prison officials had no 'reasonable' justification for the deprivation, in spite of that risk." Id. at 1150-51 (quoting Farmer, 511 U.S. at 844).

Under the parties section of the first amended complaint, Plaintiff contends that "Defendant R. Grissom is the Associate Warden of Business Services at [Kern Valley State Prison]. [He is] responsible for the administration of business services and/or technical maintenance at KVSP, and he is being sued in his individual and official capacities." (Amd. Compl. at ¶ 9, ECF No. 45.) In the claim portion of the amended complaint, Plaintiff alleges that Defendant Grissom, among others, denied his requests for adequate air circulation, ice, cold showers and access to cold water which they knew was necessary to address Plaintiff's heat risk, exposing Plaintiff to a significant risk of premature death during a heat wave that caused 19 heat related deaths in the region. (Id. at ¶ 46.)

Given the liberal pleading standards applicable to pro se litigants, the fact that Plaintiff may have labeled his claim as one under the Americans with Disabilities Act, is immaterial because the Court found the factual basis of his claim gave rise to a potentially cognizable claim under the deliberate indifference standard of the Eighth Amendment, and not the ADA. See Johnson v. State of California, 207 F.3d 650, 653 (9th Cir. 2000) (stating that pro se pleadings are liberally construed, particularly where civil rights claim are involved); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating under Iqbal.)

Despite Defendant's characterization to the contrary, Plaintiff is not proceeding on a supervisory liability against Defendant Grissom. Defendant cites only the portion of the first amended complaint which indicates that Defendant Grissom is responsible for the administration of business services and/or technical maintenance at KVSP. Although Defendant Grissom may hold a supervisor position, supervisors may be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff allegation that Defendant Grissom was among the individuals who denied his request for

adequate air circulation, ice, cold showers, and access to cold water necessary to treat Plaintiff's "heat risk," is sufficient, at the pleading stage, to state a cognizable claim against Defendant Grissom. To the extent that Plaintiff's claim may ultimately be proven to lack merit, that is an issue for the evidentiary stage in this litigation. The Court recommends that Defendant's motion to dismiss for failure to state a claim be denied.

## II.
## RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss the first amended complaint be DENIED in its entirety.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 22, 2014**

UNITED STATES MAGISTRATE JUDGE