UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER I. SIMMONS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GRISSOM, et al.,<br><br>　　　　Defendants. | Case No.: 1:07-cv-01058-LJO-SAB (PC)<br><br>ORDER GRANTING DEFENDANT KEILEY'S REQUEST FOR A PROTECTIVE ORDER STAYING DISCOVERY UNTIL AFTER RESOLUTION OF THE PENDING MOTION TO DISMISS<br><br>[ECF No. 94] |

Plaintiff Christopher I. Simmons is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 20, 2014, Defendant Keiley filed a motion for a protective order staying discovery until after the Court has ruled on his motion to dismiss. Although the twenty-one (21) day time period for filing an opposition pursuant to Local Rule 230(l) has expired, Plaintiff has not opposed Defendant Keiley's request for a protective order, and instead has requested an extension of time to file an opposition to the pending motion to dismiss. (ECF No. 99.)

**I.**

**DISCUSSION**

A party may seek a protective order that stays discovery pending resolution of a potentially dispositive motion such as a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), as filed by Defendant Keiley in this case. See, e.g., Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir.

2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6)).  District Courts may exercise "wide discretion in controlling discovery."  Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988).  The Ninth Circuit Court of Appeals has held that in a context of a pending motion to dismiss for failure to state a claim on which relief can be granted, a district court may enter a protective order staying discovery, on a showing of good cause, when the district court "is convinced that the plaintiff will be unable to state a claim for relief."  Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam).

Having no defined standard from the Ninth Circuit to stay discovery when faced with a potentially dispositive motion, federal district court of California, including this Court, have applied a two-part test when evaluating such a request to stay discovery.  Lowery v. F.A.A., No. CIV S 93-1352 EJG/GGH, 1994 WL 912632, *3 (E.D. Cal. 1994).  First, the pending motion must be potentially dispositive of the entire care, or at least dispositive of the issue at which discovery is aimed.  Id.  Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery.  Id.  If the moving party satisfies these two prongs, the court may issue a protective order.  Id.  Discovery should proceed if either prong of the test is not met.  Id.

The Court finds good cause to grant Defendant Keiley's motion for a protective order. Defendants Akanno, Grissom, St. Lucia, and Rients filed an answer to Plaintiff's amended complaint on July 22, 2014.  (ECF No. 89.)  The next day, the Court issued a discovery and scheduling order. (ECF No. 90.)  At that time, Defendant Keiley had not yet been served or appeared in the action. Subsequently, Defendant Keiley was served and filed a motion to dismiss on October 16, 2014.

In his motion to dismiss, Defendant Keiley argues that the amended complaint fails to state a cognizable claim against him in his supervisory role and he should be dismissed from the action. Thus, Defendant Keiley has satisfied that first requirement of Lowery in that his motion to dismiss may be dispositive of the claims against him.  In addition, the motion to dismiss can be adjudicated without resort to additional discovery and the second element of Lowery is satisfied.  Furthermore, Plaintiff has not opposed Defendant Keiley's request and the Court does not anticipate a lengthy stay pending resolution of Defendant Keiley's Rule 12(b)(6) motion.

**II.**

**ORDER**

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. Defendant Keiley's request for a protective order is GRANTED;
2. All discovery requests as to Defendant Keiley shall be suspended until resolution of the pending motion to dismiss and further order by the Court; and
3. Discovery as to all other Defendants shall remain unaffected and all the provisions of the Court's July 23, 2014, discovery and scheduling order remain in full force and effect as to all Defendants except Defendant Keiley.

IT IS SO ORDERED.

Dated:   **November 12, 2014**

UNITED STATES MAGISTRATE JUDGE