UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER I. SIMMONS,<br><br>    Plaintiff,<br><br>    v.<br><br>GRISSOM, et al.,<br><br>    Defendants. | Case No.: 1:07-cv-01058-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANT KEILEY'S MOTION TO DISMISS<br><br>[ECF No. 93] |

    Plaintiff Christopher I. Simmons is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    This action is proceeding against Defendants Grissom, Keiley, St. Lucia, Ellstrom and Does #1-10 (nurses) for deliberate indifference toward Plaintiff's "heat risk" condition, in violation of the Eighth Amendment, against Defendants Ellstrom, Rients, Sauceda, Akanno and Rufino for deliberate indifference arising from the deprivation of Plaintiff's pain medication, in violation of the Eighth Amendment, and against Defendants Rients, Akanno, Sauceda, Rufino and Ellstrom for retaliation, in violation of the First Amendment.

    On October 16, 2014, Defendant Keiley filed a motion to dismiss the claim against him for failure to state a cognizable claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed an opposition on December 2, 2014, and the matter was deemed submitted seven days thereafter on December 9, 2014. Local Rule 230(l).

# I.

# DISCUSSION

## A.     Motion to Dismiss Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), cert. denied, 132 S.Ct. 1762 (2012).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

## B.     Failure to State a Cognizable Claim Against Defendant Keiley

Defendant Keiley moves for dismissal on the ground that the first amended complaint fails to state a cognizable claim for relief.  Defendant argues that Plaintiff failed to allege facts sufficient to support any claim for relief against him and dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff's first amended complaint was screened and the Court determined it stated a claim upon which relief may be granted.  28 U.S.C. § 1915A; Watison v. Carter, 668 F.3d at 1112.

Defendant presents no arguments which persuade the Court it committed clear error in determining that Plaintiff's Eighth Amendment claim was cognizable or that any other grounds justifying relief from the screening order exist.  See Ingle v. Circuit City, 408 F.3d 592, 594 (9th Cir. 2005) ("A district court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result.").

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  This requires the prisoner to demonstrate (1) the existence of an objectively serious risk of harm and (2) that, subjectively, prison officials knew of and disregarded that risk.  Farmer, 511 U.S. at 834, 847; Thomas, 611 F.3d at 1150-51; Foster, 554 F.3d at 812.

Deliberate indifference is a two-party inquiry which requires a showing that prison officials were aware of the risk to the inmate's health or safety and that they deliberately disregarded that risk.  Foster, 554 F.3d at 814 (citing Johnson, 217 F.3d at 734).  "First, the inmate must show that the prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety."  Thomas, 611 F.3d at 1150 (quoting Farmer, 511 U.S. at 837).  "'A factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk is obvious,'" Foster, 554 F.3d at 814 (quoting Farmer, 511 U.S. at 842), and "'if an inmate presents evidence of very obvious and blatant circumstances indicating that the prison official knew a substantial risk of serious harm existed, then it is proper to infer that the official must have known of the risk,'" Thomas, 611 F.3d at 1152 (quoting Foster, 554 F.3d at 814).  "Second, the inmate must show that the prison officials had no 'reasonable' justification for the deprivation, in spite of that risk."  Id. at 1150-51 (quoting Farmer, 511 U.S. at 844).

///

Under the parties section of the first amended complaint, Plaintiff contends that "Defendant P. Keiley is the Correctional Plant Manager at KVSP. He is responsible for the supervision of subordinate maintenance employees at KVSP, and is being sued in his individual and official capacities." (Amd. Compl. at ¶ 10, ECF No. 45.) In the claim portion of the amended complaint, Plaintiff alleges that Defendant Keiley, among others, denied his requests for adequate air circulation, ice, cold showers and access to cold water which they knew was necessary to address Plaintiff's heat risk, exposing Plaintiff to a significant risk of premature death during a heat wave that caused 19 heat related deaths in the region. (Id. at ¶ 46.)

Despite Defendant's characterization to the contrary, Plaintiff is not proceeding on a supervisory liability against Defendant Keiley. Defendant cites the portion of the first amended complaint which indicates that Defendant Keiley is responsible for the supervision of subordinate maintenance employees, and contends that the only other allegation as to his liability is a threadbare conclusory statement. Although Defendant Keiley may hold a supervisory position, supervisors may be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff's allegation that Defendant Keiley was among the individuals who denied his request for adequate air circulation, ice, cold showers, and access to cold water necessary to treat Plaintiff's "heat risk," is sufficient, at the pleading stage, to state a cognizable claim against Defendant Keiley. To the extent that Plaintiff's claim may ultimately be proven to lack merit that is an issue for the evidentiary stage in this litigation. The Court recommends that Defendant's motion to dismiss for failure to state a claim be denied.

## II.

## RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss the first amended complaint be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections

with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **December 22, 2014**

UNITED STATES MAGISTRATE JUDGE