1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| CHRISTOPHER I. SIMMONS, | ) Case No.: 1:07-cv-01058-LJO-SAB (PC) |
| Plaintiff, | ) |
| | ) **ORDER GRANTING DEFENDANTS' MOTION** |
| v. | ) **TO COMPEL, DENYING PLAINTIFF'S MOTION** |
| | ) **TO STAY THE PROCEEDINGS, AND** |
| GRISSOM, et al., | ) **EXTENDING THE DISCOVERY AND** |
| | ) **DISPOSITIVE MOTION DEADLINES** |
| Defendants. | ) |
| | ) [ECF Nos. 125, 126, 130] |

17        Plaintiff Christopher I. Simmons is appearing pro se and in forma pauperis in this civil rights

18 action pursuant to 42 U.S.C. § 1983.

19        This action is proceeding Defendants Grissom, Keiley, St. Lucia, Ellstrom and Does #1-10

20 (nurses) for deliberate indifference toward Plaintiff's "heat risk" condition, in violation of the Eighth

21 Amendment, against Defendants Ellstrom, Rients, Sauceda, Akanno and Rufino for deliberate

22 indifference arising from the deprivation of Plaintiff's pain medication, in violation of the Eighth

23 Amendment, and against Defendants Rients, Akanno, Sauceda, Rufino and Ellstrom for retaliation, in

24 violation of the First Amendment.

25        On July 20, 2015, Plaintiff filed a motion to stay the proceedings.  (ECF No. 125.)

26        On July 24, 2015, Defendants filed a motion to compel Plaintiff's deposition.  (ECF No. 126.)

27 Plaintiff filed an opposition on August 6, 2015.  (ECF No. 127.)  Pursuant to court order, Defendants

28

                                            1

filed a response to Plaintiff's motion to stay the proceedings on September 24, 2015.  (ECF No. 129.)

On September 25, 2015, Defendants filed a motion to modify the scheduling order.  (ECF No. 130.)

## I.

## DISCUSSION

### A.    Defendants' Motion to Compel/Sanctions

Defendants contend that Plaintiff refused to attend his deposition.  Defendants move to compel Plaintiff's attendance at this deposition and seek the costs associated with their attempt to depose Plaintiff.

Pursuant to the discovery and scheduling order, Defendants are entitled to depose Plaintiff so long as they serve, by mail, a notice in compliance with Rule 30 at least fourteen days before the deposition.  Fed. R. Civ. P. 5(b)(2)(C), 30(b)(1).  (ECF No. 90.)  On July 6, 2015, Defendants timely noticed Plaintiff's deposition for July 24, 2015, at the California Medical Facility.  (ECF No. 126-2, Delgado Decl. ¶ 2.)   When defense counsel attempted to depose Plaintiff as scheduled, Plaintiff refused to provide any testimony, or to appear at all.  (Id. ¶¶ 3-10.)  Defendants now move to compel Plaintiff's deposition, and that Plaintiff be ordered to reimburse Defendants for the costs associated with the failed deposition, as well as the costs involved in preparing the motion to compel.  Defendants further request that the Court modify the scheduling order for the limited purpose of allowing Defendants to take Plaintiff's deposition.

Federal Rule of Civil Procedure 37(d) provides that the court may order sanctions if a party fails, after being served with proper notice, to appear for their deposition.  As a sanction, the court may order the party failing to act to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(d)(3).  The Court may also dismiss the action as a sanction for a party's failure to appear at their deposition.  Fed. R. Civ. P. 37(b)(2)(A)(v).  In support of their motion, Defendants have submitted the declaration of defense counsel.  Defense counsel details his attempt to depose Plaintiff and declares as follows:

> 2. On July 6, 2015, I served Plaintiff Christopher Simmons with a notice directing him to appear for a deposition on July 24, 2015.  (See Exhibit A.)  Plaintiff is an inmate in

the custody of the California Department of Corrections and Rehabilitation, and he is currently housed at the California Medical Facility in Vacaville.  The deposition was scheduled to take place at 9:00 a.m. at the California Medical Facility.

3. On July 24, 2015, I traveled from the Attorney General's Office in Sacramento, to the California Medical Facility (approximately 30 minutes), to depose Plaintiff as scheduled.  Plaintiff did not contact me any time before this date to tell me that he did not intend to participate in the deposition.

4.   After I arrived at the prison and got situated, I waited roughly 25 minutes for Plaintiff to appear.  The stenographer had walked with me to the designated room and set up her workspace, and she was standing by as well.

5.  At roughly 9:30 a.m., Correctional Officer D. Gibbs came into the room and told us that Plaintiff was refusing to participate in the deposition.  Officer Gibbs had just talked with Plaintiff,  who was on the other side of a locked door.

6.  I asked Officer Gibbs if I could speak with Plaintiff, but he said that I was not allowed on the other side of the door.  I asked Officer Gibbs if he would get some additional information as to why Plaintiff was refusing to attend.

7.  Officer Gibbs left the room and came back a few minutes later.  He was holding a copy of Plaintiff's motion to stay proceedings, which was filed on Monday of this week.  (ECF No. 125, filed July 20, 2015.)   Officer Gibbs said that Plaintiff was refusing to attend the deposition based on this document.

8.  After recognizing this document as Plaintiff's motion to stay proceedings, I asked Officer Gibbs if I could speak to Plaintiff from the entrance of the doorway.  Gibbs quickly checked with a supervisor and confirmed that I was not allowed in the holding area where Plaintiff was sitting.  So, I asked Officer Gibbs if he would tell Plaintiff (on my behalf) that he could not unilaterally cancel the deposition, and that I had not even had a chance to respond to the stay request, which had only been filed this week.  I also asked Gibbs to tell Plaintiff that I would move for sanctions, including reimbursement for the costs involved in renoticing the deposition and filing a motion to compel, if Plaintiff would not appear and testify on July 24 as scheduled.  Officer Gibbs left to relay these messages.

9.  About five minutes later, Officer Gibbs returned.  He said Plaintiff was firm about not participating in the deposition on account of being, in Plaintiff's words, "mentally sick," "f***ed up," and because he "couldn't think straight."  Plaintiff told Gibbs he wanted "to go back to [his] housing unit and get [his] meds right."

10.  At that point, I decided that relaying any further messages through Officer Gibbs would be futile, so I ended the deposition.  I told Gibbs I would move to compel Plaintiff's participation at a later date, and that he [Officer Gibbs] could release Plaintiff back to his housing unit.  The stenographer and I packed up and left the prison.

11.  I spent 4.75 hours preparing to take Plaintiff's deposition.  This includes the time spent reviewing various documents from the Court's electronic docket, including Plaintiff's 156-page original complaint, and the time involved in preparing a deposition outline.  I spent another 1.75 hours traveling between the Attorney General's Office in Sacramento, and the California Medical Facility in Vacaville, and waiting at the prison.

12.  I spent another 3.25 hours preparing the instant motion to compel Plaintiff's deposition.  This includes 2.75 hours drafting the notice of motion and motion, the supporting memorandum of points and authorities, and this declaration; .25 hours conferring with my supervisor about the motion; and .25 hours making calls to Phillips Legal Services, which provided the stenographer for today's deposition.

13.  The Office of the Attorney General's standard billing rate for legal services performed for state agencies is $170 per hour.  (See Exhibit B.)  In total, I have billed the California Department of Corrections and Rehabilitation for 9.75 hours of my time attempting to depose Plaintiff, at a cost of $1657.50.

14.  The Attorney General's Office incurred another $195 in costs for the stenographer for today's failed deposition.

(ECF No. 126-2, Delgado Decl. ¶2-14.)

In his opposition to Defendants' motion to compel, Plaintiff contends that Defendants have misstated the facts because he did appear for his deposition and provided them with a copy of his motion to stay.  Plaintiff contends he is suffering from "thought impairments" which puts him at a greater disadvantage than previously.  (ECF No. 127, Opp'n at 2.)  Plaintiff concludes that he "is suffering from severe symptoms of trauma, affecting his concentration, attention, memory, intellectual facilities, among others, and seeks the protection of this Court as set forth in his Motion for a Stay of Court Proceedings."  (Id.)

The undersigned finds that Plaintiff failed, without good cause, to appear at his properly noticed deposition.  While Plaintiff claimed to be suffering from thought impairments and had filed a motion to stay the proceedings, there is no evidence to support Plaintiff's claim regarding his medical condition.  In support of his motion to stay, Plaintiff submits a memorandum, dated July 14, 2015, which notes that Plaintiff is diagnosed with Major Depressive Disorder, Recurrent, Severe, without Psychotic Features for which he is being treated. (ECF No. 125.)  Plaintiff also submits medical progress notes, dated February 27, 2015, and March 5, 2015, which are not relevant to the time frame at issue.  Plaintiff's evidence does not demonstrate that he is suffering from a mental or medical

4

condition for which he is not being treated and which interferes with his ability to prosecute and participate in this action. Thus, there is no excuse for Plaintiff's failure to participate in the properly noticed deposition.

Plaintiff had sufficient notice of the deposition and Plaintiff could have contacted defense counsel anytime by mail or phone to discuss his alleged impairments and the possibility of resetting the matter. Yet, Plaintiff failed to do so. Accordingly, Plaintiff will be compelled to participate in the taking of his deposition after re-notice by Defendants. Plaintiff will also be ordered to pay monetary sanctions. Although Defendants incurred $1,852.50 in costs and attorneys' fees associated with Plaintiff's deposition and the motion to compel, Plaintiff is an inmate proceeding in forma pauperis, and given these circumstances, the Court finds the monetary sanction of $896.25 in costs and fees (3.25 hours in preparation of the instant motion to compel, travel time at half the hourly rate, and costs of stenographer) appropriate.

Defendants may re-notice Plaintiff's deposition to take place within forty-five days of the date of this order. Plaintiff is forewarned that the failure to attend his deposition will result in the dismissal of this action.

B.      Plaintiff's Motion to Stay

Plaintiff seeks an indefinite stay of the proceedings "pending resolution of Plaintiff's medical condition." (ECF No. 125.) Plaintiff contends he "is currently suffering from PTSD, affecting his [cognitive] functions, including, but not limited to, abstraction, concentration, attention, intellectual faculties, memory and ability to process information sufficiently to prepare meaningful moving and opposing papers, prepare for trial, discovery and respond to requests by defendants." (Id. at 2.)

Discovery in this action opened in July 2014, and the parties were given eight months to conduct pretrial discovery. (ECF No. 90.) In January 2015, Plaintiff was transferred from the California Medical Facility to Atascadero State Hospital for psychiatric treatment. (ECF Nos. 105, 107.) Plaintiff was retained at Atascadero for 49 days, from December 5, 2014, to January 23, 2015. (ECF No. 113, at 2 and n.1.) During this time, Plaintiff was without his legal materials. (Id. at 2.) As a result, the Court modified the scheduling order by extending the discovery deadline and the dispositive motion deadline, each by 60 days. (ECF No. 115.)

Then, approximately two months later, Plaintiff was transferred from the California Medical Facility to Atascadero a second time. (ECF No. 120.)  Plaintiff was again separated from his legal materials for just over 90 days.  The Court modified the scheduling order by extending the discovery deadline for an additional 60 days, and the dispositive motion deadline for an extra 50 days.  (ECF No. 123.)

Defendants do not oppose a short modification of the scheduling order to complete discovery and to allow the parties to file dispositive motions.  Defendants propose a 30-day extension of the discovery deadline, with a corresponding 30-day extension of the dispositive motion deadline.

As previously stated, in support of his motion to stay, Plaintiff submits a memorandum, dated July 14, 2015, which notes that Plaintiff is diagnosed with Major Depressive Disorder, Recurrent, Severe, without Psychotic Features for which he is being treated. (ECF No. 125.)  Plaintiff also submits medical progress notes, dated February 27, 2015, and March 5, 2015, which are not relevant to the time frame at issue.  Plaintiff has failed to produce evidence that calls his competency into question, and he has not demonstrated that the proceedings should be stayed.

On the basis of good cause, the Court will extend the discovery and dispositive motions deadlines, each by 30 days.

## II.

### ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.      Defendants' motion to compel is GRANTED;

2.      Defendants may re-notice Plaintiff's deposition to take place within sixty days of the date of this order;

3.      Plaintiff is ordered to pay Defendants $896.25 in fees and costs;

///
///
///
///
///

6

4.      The discovery deadline is extended to October 28, 2015; and

5.      The dispositive motion deadline is extended to November 28, 2015.

IT IS SO ORDERED.

Dated:   __**September 28, 2015**__

_____
UNITED STATES MAGISTRATE JUDGE

7