UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER I. SIMMONS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GRISSOM, et al.,<br><br>　　　　Defendants. | Case No.: 1:07-cv-01058-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION FOR STAY OF PROCEEDINGS<br><br>[ECF Nos. 132, 133] |

　　　　Plaintiff Christopher I. Simmons is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On October 8, 2015, Plaintiff filed a motion for reconsideration of the Magistrate Judge's September 28, 2015, order denying Plaintiff's request to stay the proceedings. (ECF No. 132.) On this same date, Plaintiff filed a motion to stay the proceedings pending the resolution of his motion for reconsideration. (ECF No. 133.)

**I.**

**LEGAL STANDARD**

　　　　Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of

1

Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); see also Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997); Green v. Baca, 219 F.R.D. 485, 489 (C.D. Cal. 2003). The "'clearly erroneous' standard is significantly deferential." Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California, 508 U.S. 602, 623, 113 S.Ct. 2264 (1993).

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. See Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3rd Cir.1992); Green, 219 F.R.D. at 489; see also Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008); Rathgaber v. Town of Oyster Bay, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); Surles v. Air France, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); see also Adolph Coors Co. v. Wallace, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

**II.**

**DISCUSSION**

On September 28, 2015, the assigned Magistrate Judge granted Defendants' motion to compel, denied Plaintiff's motion to stay the proceedings, and extended the discovery and dispositive motion deadlines. (ECF No. 131.)

Plaintiff now moves for reconsideration of the Magistrate Judge's denial of his request to stay the proceedings due to his mental condition.  In denying Plaintiff's motion, the Magistrate Judge found that Plaintiff failed to submit sufficient evidence which placed his competency to prosecute this action in question and there was an insufficient basis to stay the proceedings.  (ECF No. 131, Order at 6.)  In reaching this conclusion the Magistrate Judge reasoned as follows:

> Plaintiff seeks an indefinite stay of the proceedings "pending resolution of Plaintiff's medical condition."  (ECF No. 125.)  Plaintiff contends he "is currently suffering from PTSD, affecting his [cognitive] functions, including, but not limited to, abstraction, concentration, attention, intellectual faculties, memory and ability to process information sufficiently to prepare meaningful moving and opposing papers, prepare for trial, discovery and respond to requests by defendants."  (Id. at 2.)
>
> Discovery in this action opened in July 2014, and the parties were given eight months to conduct pretrial discovery.  (ECF No. 90.)  In January 2015, Plaintiff was transferred from the California Medical Facility to Atascadero State Hospital for psychiatric treatment.  (ECF Nos. 105, 107.)  Plaintiff was retained at Atascadero for 49 days, from December 5, 2014, to January 23, 2015.  (ECF No. 113, at 2 and n.1.)  During this time, Plaintiff was without his legal materials.  (Id. at 2.)  As a result, the Court modified the scheduling order by extending the discovery deadline and the dispositive motion deadline, each by 60 days.  (ECF No. 115.)
>
> Then, approximately two months later, Plaintiff was transferred from the California Medical Facility to Atascadero a second time.  (ECF No. 120.)  Plaintiff was again separated from his legal materials for just over 90 days.  The Court modified the scheduling order by extending the discovery deadline for an additional 60 days, and the dispositive motion deadline for an extra 50 days.  (ECF No. 123.)
>
> Defendants do not oppose a short modification of the scheduling order to complete discovery and to allow the parties to file dispositive motions.  Defendants propose a 30-day extension of the discovery deadline, with a corresponding 30-day extension of the dispositive motion deadline.
>
> As previously stated, in support of his motion to stay, Plaintiff submits a memorandum, dated July 14, 2015, which notes that Plaintiff is diagnosed with Major Depressive Disorder, Recurrent, Severe, without Psychotic Features for which he is being treated.  (ECF No. 125.)  Plaintiff also submits medical progress notes, dated February 27, 2015, and March 5, 2015, which are not relevant to the time frame at issue.  Plaintiff has failed to produce evidence that calls his competency into question, and he has not demonstrated that the proceedings should be stayed.

(ECF No. 131, Order at 5:17-28-6:1-14.)

///

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation. . ." of that which was already considered by the Court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted). As such, motions for reconsideration are not available to dissatisfied litigants as a vehicle by which to require the same judge or a different judge to rethink a decision, and a Plaintiff's disagreement with the Magistrate Judge's does not provide a basis for reconsideration. Id.

The Magistrate Judge correctly determined that under the circumstances presented, Plaintiff was not entitled to a stay of the proceedings and properly extended the discovery and dispositive motions deadline in light of Plaintiff's allegations regarding his mental condition. Pursuant to Local Rule 230(l), the Magistrate Judge ruled on Plaintiff's motion to stay without waiting for a reply by Plaintiff finding implicitly that a reply was unnecessary. Plaintiff now submits a mental health evaluation dated June 12, 2015, interdisciplinary progress notes dated July 17, 2015, July 22, 2015, August 5, 2015, September 15, 2015, and October 1, 2015. (ECF No. 132, Ex. C.) All of Plaintiff's medical evaluations were routine contacts, and Plaintiff's medical documentation demonstrates only that he is suffering from depression for which he is being evaluated and properly treated. There is not a sufficient showing that Plaintiff is suffering from a severe mental condition which significantly interferes with his ability to prosecute this action. The Magistrate Judge extended the discovery and dispositive motions deadlines accordingly given Plaintiff's transfer from CDCR to ASU. To the extent, Plaintiff may need additional time to comply with a court order or other filing in this action, he may seek relief by way of a motion to extend the time. Accordingly, although Plaintiff has presented additional medical documentation, such documentation does not demonstrate that the Magistrate Judge's September 28, 2015, order was "clearly erroneous or contrary to law" and Plaintiff's motion for reconsideration is DENIED. In light of this ruling, Plaintiff's motion to stay the proceeding pending resolution of the instant motion is DENIED as moot.

IT IS SO ORDERED.

Dated:   **November 8, 2015**         /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE

4