UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER I. SIMMONS,<br><br>                    Plaintiff,<br><br>          v.<br><br>GRISSOM, et al.,<br><br>                    Defendants. | Case No.: 1:07-cv-01058-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>[ECF No. 137] |

Plaintiff Christopher I. Simmons is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 23, 2015, Plaintiff filed a motion for the appointment of counsel. (ECF No. 137.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

"exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Generally, a plaintiff that shows at least some ability to articulate his claims is not entitled to appointment of counsel, regardless of whether he has mental and physical health problems or is incarcerated. See, e.g., Miller v. McDaniel, 124 Fed. Appx. 488, 490 (9th Cir. 2005) (holding that an inmate plaintiff with mental health problems was not entitled to appointment of counsel because he demonstrated an ability to articulate his claims pro se); Palmer v. Valdez, 560 F.3d 965, 970 (2009) (holding an inmate plaintiff who was suffering pain from a surgery and had limited access to legal documents did not require appointment of counsel because he presented his case sufficiently, was well organized, made clear presentations, and presented evidence). Although Plaintiff indicates that he suffers from post-traumatic stress disorder and has submitted medical progress notes indicating that he contends he suffers from post-traumatic stress disorder, the Court finds that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987). Based on a review of the record and Plaintiff's filings, he has the ability to articulate his claims in writing, and Plaintiff's filings are coherent. At this time, Plaintiff has not shown a likelihood of success on the merits of the case, and Plaintiff has demonstrated an ability to articulate his claims and litigate this action pro se in spite of his mental health issues. Accordingly, Plaintiff's motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **December 3, 2015**

UNITED STATES MAGISTRATE JUDGE