UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER I. SIMMONS,<br><br>        Plaintiff,<br><br>    v.<br><br>GRISSOM, et al.,<br><br>        Defendants. | Case No.: 1:07-cv-01058-LJO-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT RUFINO SHOULD NOT BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)<br><br>[ECF No. 134] |

    Plaintiff Christopher I. Simmons is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    This action is proceeding against Defendants Grissom, Keiley, St. Lucia, Ellstrom, Rients, Sauceda, Akanno, Rufino and Does 1-10 for deliberate indifference toward Plaintiff's serious medical condition, against Defendants Ellstrom, Rients, Sauceda, Akanno and Rufino for deliberate indifferent arising from the deprivation of Plaintiff's pain medication, and against Defendants Rients, Akanno, Sauceda, Rufino and Ellstrom for a violation of the First Amendment.

    The United States marshal was not able to identify and locate Defendant Rufino and service was returned un-executed on October 15, 2015. (ECF No. 134.)

///

///

///

1

Rule 4(m) of the Federal Rules of Civil Procedure provides:

If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

At this juncture, the United States marshal's office has exhausted the avenues available to it in attempting to locate and serve Defendant Rufino.[1] Walker, 14 F.3d at 1421-22. Plaintiff shall be provided with an opportunity to show cause why Defendant Rufino should not be dismissed. Fed. R. Civ. P. 4(m). If Plaintiff either fails to respond to this order or responds but fails to show cause, Defendant Rufino shall be dismissed from this action.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Rufino should not be dismissed from this action; and

---

[1] The marshal's office sought assistance from the California Department of Corrections and Rehabilitation special investigator who was unable to locate or identify Rufino. (ECF No. 134.)

2. The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Rufino from this action.

IT IS SO ORDERED.

Dated:   **December 3, 2015**

　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE