UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER I. SIMMONS,<br><br>    Plaintiff,<br><br>  v.<br><br>GRISSOM, et al.,<br><br>    Defendants. | Case No.: 1:07-cv-01058-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO EXTEND THE DISCOVERY DEADLINE AND MOTIONS TO AMEND<br><br>[ECF Nos. 142, 150, 157] |

Plaintiff Christopher I. Simmons is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**RELEVANT HISTORY**

On December 2, 2015, Plaintiff filed a motion to extend the discovery deadline an additional 90 days.  (ECF No. 142.)  Plaintiff also requests a separate discovery and scheduling order be issued for unserved Defendants Sauceda, Ellstrom, and Rufino in the event that they are located and served.

On December 24, 2015, Plaintiff filed a motion for leave to amend the complaint.  (ECF No. 150.)  On January 14, 2016, Defendants filed an opposition to Plaintiff's motion for leave to amend.  (ECF No. 155.)

On January 15, 2016, Plaintiff filed a second motion for leave to amend the complaint, along with a proposed second amended complaint which was lodged by the Court.  (ECF Nos. 157, 158.)

Pursuant to court order, Defendants filed a response to Plaintiff's motion to extend the discovery deadline on January 19, 2016. (ECF No. 159.)

## II.

## DISCUSSION

### A. Motion to Extend Discovery Deadline and Issuance of Separate Scheduling Order

Plaintiff seeks to extend the discovery deadline for 90 days. Defendants oppose Plaintiff's motion because Plaintiff has failed to demonstrate good cause for an extension.

Rule 6 of the Federal Rules of Civil Procedure provides that "[w]hen an act … must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The district court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Id. at 610. (citation and quotations omitted).

The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). If the party seeking modification of the scheduling order, "was not diligent, the inquiry should end." Id. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id.

Discovery in this action opened in July 2014, and the parties were given eight months to conduct pretrial discovery. (ECF No. 90.) In December 2014, Plaintiff was transferred from the California Medical Facility (CMF) to the Atascadero State Hospital (ASH) for psychiatric treatment. (ECF Nos. 105, 107.) Plaintiff was retained at ASH for 49 days, from December 5, 2014, to January 23, 2015. (ECF No. 113, at 2 and n.1.) During this time, Plaintiff was without his legal materials. (Id. at 2.) As a result, the Court modified the scheduling order by extending the discovery deadline and the dispositive motion deadline, each by 60 days. (ECF No. 115.)

1  Then, approximately two months later, Plaintiff was transferred from the CMF to ASH a
2  second time. (ECF No. 120.) Plaintiff was again separated from his legal materials for just over 90
3  days. The Court modified the scheduling order by extending the discovery deadline for an additional
4  60 days, and the dispositive motion deadline for an extra 50 days. (ECF No. 123.) On September 28,
5  2015, the Court denied Plaintiff's motion to stay the proceedings but extended the discovery and
6  dispositive motion deadlines each by thirty days. (ECF No. 131.) The discovery deadline expired on
7  *October 28, 2015*. (ECF No. 131.) On November 9, 2015, the Court denied Plaintiff's motion for
8  reconsideration of the denial of his request to stay the proceedings. (ECF No. 135.)

9  In the present motion to extend the discovery deadline, Plaintiff fails to present due diligence
10 and good cause to further extend the discovery deadline. Plaintiff cites his transfers to ASH as
11 grounds to warrant additional time to conduct discovery in this action. (ECF No. 142, at p. 1.)
12 However, Plaintiff had from July 23, 2014 to October 28, 2015, to conduct discovery as to Defendant
13 Akanno and from February 17, 2015 to October 28, 2015, to conduct discovery as to Defendant
14 Keiley. By February 6, 2015, Plaintiff had transferred out of ASH, and was housed back at the
15 California Medical Facility (CMF). (ECF No. 117.)

16 Defendants submit that Plaintiff served discovery in this action before he was transferred to
17 ASH. Defense counsel indicates that Plaintiff served interrogatories and requests for production of
18 documents on September 8, 2014, and Defendants Akanno, Grissom, Rients, and St. Lucia provided
19 responses on November 6, 2014, and November 10, 2014.[1] (ECF No. 159-1, Decl. of Kelly A.
20 Samson, ¶¶ 4-7.) Defense counsel further submits that on November 17, 2015, Plaintiff served
21 requests for admissions and interrogatories on Defendant Keiley, after the discovery deadline of
22 October 28, 2015. (ECF No. 159-1, Decl. of Kelly A. Samson, ¶ 14, Ex. 3.) On November 30, 2015,
23 Plaintiff also served requests for production of documents on Defendant Keiley and requests for
24 admission on Defendant Akanno. (ECF No. 159-1, Decl. of Kelly A. Samson, ¶ 14, Ex. 4.) Plaintiff
25 has had ample time to conduct discovery from the time both Defendants Akanno and Keiley appeared

---

27 [1] In addition, on September 8, 2014, Plaintiff served interrogatories and requests for production of documents on Defendant Keiley who at that time was under a protective order staying discovery. (Decl. of Kelly A. Samson, ¶ 9; ECF
28 Nos. 94, 102.) Defendant Keiley subsequently sought and was granted an extension of time to file a response to Plaintiff's September 8, 2014, discovery requests. (ECF Nos. 160, 162.)

3

in this action. Plaintiff conducted discovery prior to transfer to ASH, and does not present a sufficient showing of due diligence after his return to CMF on June 17, 2015. Although Plaintiff may now wish to conduct further discovery, the deadline has expired (after several extensions of the initial 8 month period), and Plaintiff has failed to show due diligence and good cause to further extend the deadline to pursue additional discovery requests on Defendants Keiley and Akanno. Accordingly, Plaintiff's motion for an extension of the discovery deadline must be denied. In addition, because Defendants Sauceda, Ellstrom, and Rufino have not yet been served with the summons and complaint and have not yet appeared in this case, there is no basis for issuance of a discovery and scheduling order as to these Defendants.

### B. Motion for Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a).

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Here, Plaintiff's attempt to amend the complaint is futile. Plaintiff seeks to amend the complaint to add an Eighth Amendment claim regarding being "dumped" off a gurney causing severe debilitating pain against Defendant Dr. Akanno. This claim was previously addressed by the Court in its March 15, 2013, screening order. As stated in the Court's March 15, 2013, order, although Plaintiff stated a cognizable claim against a "Doe" nurse and four "Doe" correctional officers, the claim was improperly joined in this action. (Order, ECF No. 47, at 6.) The Court further stated "Plaintiff did not

4

1  allege that any of the Doe defendants involved in the gurney incident are the same Doe defendants
2  involved in the 'heat risk' incidents." (Id. at 9.)  Plaintiff contends that he now seeks to amend to
3  identify of Defendant Dr. Akanno as liable for the gurney incident.  However, Plaintiff's first amended
4  complaint did not and does not state a cognizable claim against Defendant Dr. Akanno as a "Doe"
5  defendant based on the gurney incident; rather, the cognizable claim was found only as to one "Doe"
6  nurse and four "Doe" correctional officers.  Thus, Plaintiff's motion to amend to add the claim appears
7  to be a transparent attempt to bootstrap this claim into this action against Dr. Akanno who is a
8  Defendant in an unrelated claim.  Indeed, Plaintiff's inmate grievance attached to his motion to amend
9  confirms that it was a nurse and correctional officers who alleged "dumped" him out of the gurney.  In
10 Log Number KVSP-0-06-03503, Plaintiff states "On October 13, 2006, at approximately 2100 hours I
11 fell out of my wheelchair when my left arm gave out on me as a result of weakness due to burning
12 pain on the left side of my head, neck, and shoulder, radiating down the left side, my entire back,
13 including my left buttock down the left leg.  During the medical emergence call, the nurse looked on
14 as a group of correctional officers, supervised by two Sergeants (Sgts), picked me up without a
15 stretcher or brace, and put me on a gurney.  At the facility A clinic, the same C/O's dumped me off the
16 gurney sideways while my midsection was secured to the gurney, leaving me hanging off the side
17 exacerbating my serious back condition, resulting in 10/10 pain; BP 196/138." (First Mot. to Amend,
18 ECF No. 150, at 8.)

19    Furthermore, Plaintiff's proposed second amended complaint, lodged on January 15, 2016,
20 does not set forth a sufficient basis for relief as to Dr. Akanno in relation to the gurney incident. (ECF
21 No. 158.)  Rather, after review of Plaintiff's proposed second amended complaint, it appears that
22 Plaintiff is attempting to re-raise a claim under the Americans with Disabilities Act (ADA).  (ECF No.
23 158.)  However, the Court previously screened Plaintiff's first amended complaint and found that
24 Plaintiff failed to state a claim under the ADA, and Plaintiff's second amended complaint also fails to
25 state a cognizable claim under the ADA.  Plaintiff's allegations are based on inadequate treatment and
26 denial of certain medical devices which does not give rise to a claim under the ADA.  Title II of the
27 ADA provides that "no qualified individual with a disability shall, by reason of such disability, be
28 excluded from participation in or be denied the benefits of the services, programs, or activities of a

public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132.  Title II applies to the services, programs, and activities provided for inmates by jails and prisons.  Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 208-13 (1998); Simmons v. Navajo Cnty., 609 F.3d 1011, 1021-22 (9th Cir. 2010); Pierce v. Cnty. of Orange, 526 F.3d 1190, 1214-15 (9th Cir. 2008).  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); accord Simmons, 609 F.3d at 1021; McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

   Plaintiff's second amended complaint does not set forth any facts supporting a claim that he was excluded from or discriminated against with regard to services, programs, or activities at ASP by reason of his disability.  To the contrary, the incidents giving rise to his alleged ADA claim relate solely to Plaintiff's medical condition, the medical treatment or lack thereof, and conditions of his confinement, which does not provide a basis upon which to impose liability under the ADA.  Simmons, 609 F.3d at 1022 (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996)).  Accordingly, Plaintiff's motion to amend shall be denied as futile.

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to extend the discovery deadline is DENIED; and
2. Plaintiff's motion for leave to amend the complaint is DENIED.

IT IS SO ORDERED.

Dated: __February 29, 2016__   _____
                UNITED STATES MAGISTRATE JUDGE