UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER I. SIMMONS,<br><br>  Plaintiff,<br><br>  v.<br><br>GRISSOM, et al.,<br><br>  Defendants. | Case No.: 1:07-cv-01058-DAD-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' REQUEST TO SEAL DOCUMENTS AND ISSUE OF PROTECTIVE ORDER PRECLUDING PLAINTIFF FROM USING INFORMATION OR DOCUMENTATION FOR ANY PURPOSE<br><br>[ECF No. 171] |

Plaintiff Christopher I. Simmons is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to seal documents and issue a protective order precluding Plaintiff from using confidential information or documentation for any purpose, filed April 15, 2016.

**I.**

**DISCUSSION**

Current Deputy Attorney General, Kelly A. Samson declares that on April 7, 2016, she became aware that a prior Deputy Attorney General had disclosed materials in the course of discovery on November 6, 2014, that are privileged, private, and confidential. (ECF No. 171-2, Decl. of Kelly A. Samson ¶ 2.)  Counsel Samson declares the following:

After determining that these records were not part of the public record in the case that they referenced, *Armstrong v. CDCR*, 1:10-CV-01856 LJO JLT, I determined that they were obtained out of the Attorney General's Office's internal case-management system from case opening documents.

These documents are not relevant or responsive to Plaintiff's discovery request and should promptly be returned.

After I was assigned to represent Defendants in this action, I filed the discovery responses prepared by the prior counsel in support of Defendants' opposition to Plaintiff's motion to extend the discovery deadline, believing that the exhibits only contained complaints, which are public record.

The Attorney General's Office is working in connection with the California Department of Corrections and Rehabilitation and the California Correctional Health Care Services, to notify these current and former employees of this inadvertent disclosure and filing.

Due to the sensitive nature of the information, the relationship between Plaintiff in this action and the employment status of the individuals whose information was disclosed, Defendants request that the Court issue a prompt protective order precluding Plaintiff from using this information for any purpose.

I prepared a letter under Federal Rule of Civil Procedure 26(b)(5)(B), requesting the prompt return of the documents identified in this request to redact and seal; and motion for protective order. Along with the letter, I provided plaintiff with a postage paid envelope. A copy of this letter will be served contemporaneously with this request.

(ECF No. 171-2, Declaration of Kelly A. Samson ¶¶ 2-8.)

Local Rule 141.1(a)(1) states that "[a]ll information provided to the Court in a specific action is presumptively public, but may be sealed in conformance with Local Rule 141. Confidential information exchanged through discovery, contained in documents to be filed in an action, or presented at a hearing or trial otherwise may be protected by seeking a protective order as described herein." Local Rule 141(b) states that a "Notice of Request to Seal Documents" shall be presented to the court for determination, setting forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information.

Under Federal Rule of Civil Procedure 5.2(a), certain private information, such as social security numbers and birth-dates, must be redacted from court filings. In addition, Local Rules 140(a)

2

and 140(b) require that all dates of birth, with the exception of the year, and home addresses in criminal actions, be redacted in Court filings.  "For good-cause, the court may by order in a case require reaction of additional information." Fed. R. Civ. P. 5.2(e)(1).  This Court has previously maintained the confidentiality of CDCR employees private home addresses for service, based on the sensitivity of inmate litigation.  See Jensen v. Knowles, 621 F.Supp.2d 921, 930-931 (E.D. Cal. 2008) ("If necessary to maintain the confidentiality of information provided by the CDCR pursuant to this Order, the Marshal may file the response under seal.") see also Holtsinger v. Briddle, No. CIVS030732 MCE CMK, 2005 WL 2089846, at *1 (E.D. Cal. Aug. 29, 2005) ("The United States Marshal shall maintain the confidentiality of all information provided by the CDC pursuant to this order"); Cyprian v. Givens, No. 2:09-CV-2704 JAM JFM, 2011 WL 2225598, at *2 (E.D. Cal. June 7, 2011) ("The U.S. Marshal shall maintain the confidentiality of any service address information provided by counsel for said defendants").

Good cause having been presented to the Court based on the information provided in the declaration of Deputy Attorney General, Kelly A. Samson, the documentation at ECF No. 159-3, Ex. 2, pages. 25-51[1] will be sealed, and Defendants' request for a protective order is granted in that Plaintiff is precluded from using the following documents for any purpose:

1. Memorandum dated June 20, 2011, to M.N., Senior Registered Nurse II, entitled "Request for Legal Representation/Reservation of Rights, case number 1:10-cv-01856-OWW-JLT (3 pages);

2. Memorandum dated June 20, 2011, to M.S., M.D., entitled "Request for Legal Representation/Reservation of Rights, case number 1:10-cv-01856-OWW-JLT (3 pages);

3. Memorandum dated June 20, 2011, to L.V., Registered Nurse, entitled "Request for Legal Representation/Reservation of Rights, case number 1:10-cv-01856-OWW-JLT (3 pages);

4. Letter dated June 20, 2011, to Supervising Deputy Attorney General M. Anderson, for M.S., M.D., regarding case number 1:10-cv-01856-OWW-JLT (1 page);

---

[1] References herein to page numbers are to the Court's ECF pagination headers.

3

5.   Letter dated June 20, 2011, to Supervising Deputy Attorney M. Anderson, for L.V., R.N., regarding case number 1:10-cv-01856-OWW-JLT (1 page);

6.   Employee personnel information for C.A. (2 pages);

7.   Employee personnel information for M.S. W-P (2 pages);

8.   Employee personnel information M.N. (2 pages);

9.   Employee personnel information W.D. (2 pages);

10.  Employee personnel information for J.A. (2 pages);

11.  Employee personnel information for I.P. (2 pages);

12.  Employee personnel information for L.V. (2 pages);

13.  Letter dated June 17, 2011, to Supervising Deputy Attorney General M. Anderson, regarding case number 1:10-cv-01918-OWW-DLB (1 page); and

14.  Verification dated June 17, 2011 from KVSP litigation coordinator (1 page).

(ECF No. 159-3, Ex. 2, at pgs. 25-51[2].)

Under Federal Rule of Civil Procedure 26(b)(5)(B), Plaintiff must promptly return the above-identified documents, all copies of these documents, and all notes, photographs and writings containing any of the personal data contained in these documents.  In the event, Plaintiff does not presently have such documentation, he must explain why he does not have such documentation and where such documentation is located.  In addition, if Plaintiff has distributed this information to any individuals, Plaintiff is ordered to advise counsel and the Court of the name and address of any individual who is in possession of the information contained in these confidential documents.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.   Defendants' motion to seal and issue a protective order is GRANTED;

2.   The Court shall seal the documents at ECF No. 159-3, Ex. 2, pages 25-51[3];

---

[2] References herein to page numbers are to the Court's ECF pagination headers.

3. Plaintiff is precluded from using the documentation referenced above in numbers 1 through 14 for any purpose; and

4. Within **fifteen (15) days**, Plaintiff shall return the above-identified documents referenced in numbers 1 through 14, all copies of these documents, and all notes, photographs and writings containing any of the personal data contained in these documents, if he has not already done so.  In the event, Plaintiff does not presently have such documentation, he must explain why he does not have such documentation and where such documentation is located.  In addition, if Plaintiff has distributed this information to any individuals, Plaintiff is ordered to advise counsel and the Court of the name and address of any individual who is in possession of the information contained in these confidential documents.

IT IS SO ORDERED.

Dated:   **May 10, 2016**

UNITED STATES MAGISTRATE JUDGE

---

[3] References herein to page numbers are to the Court's ECF pagination headers.