UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER I. SIMMONS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GRISSOM, et al.,<br><br>　　　　Defendants. | Case No.: 1:07-cv-01058-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COURT ORDER GRANTING ACCESS TO INMATE WITNESSES<br><br>[ECF No. 174] |

　　　　Plaintiff Christopher I. Simmons is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　 Currently before the Court is Plaintiff's motion for a court order granting him access to communicate to inmate witnesses, filed May 6, 2016.  Defendants filed an opposition on May 19, 2016, and Plaintiff filed a reply on May 31, 2016.

　　　　Plaintiff seeks a court order compelling the California Medical Facility litigation coordinator, a non-party, to provide access to the location of inmate witnesses listed in Plaintiff group appeal. Plaintiff's motion must be denied.  More specifically, Plaintiff seeks to communicate with fifty-six inmate witnesses and obtain the current location of each inmate witness, a contact person who is authorized to grant permission for correspondence, and authorization to expedite the process in granting permission for limited correspondence through the litigation coordinators at each institution.

Plaintiff seeks to communicate with the inmates witnesses "to determine who, if any, intends to join or intervene in this action, no more no less." (Reply at 4:13-13.)

First, Plaintiff does not have an unfettered right to access to legal materials and witnesses as such right must be "balanced against the legitimate security needs or resource constraints of the prison." United States v. Sarno, 73 F.3d 1470, 1491 (9th Cir. 1995) (citation omitted); see also Valandingham v. Bojorquez, 866 F.2d 1135, 1141 (9th Cir. 1989) (Plaintiff prisoner "litigating pro se has the right to undertake the legal investigation and documentation of his claims in the manner that an attorney would, subject to the security and disciplinary requirements of a prison.") To the extent Plaintiff seeks to communicate confidentially with other inmates such action would clearly raise security concerns.

Second, the Court does not have jurisdiction in this case over any other than Plaintiff and Defendants, and cannot order that Plaintiff be allowed to correspond with his witnesses. See, e.g., City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). Accordingly, the Court cannot compel a non-party to act on Plaintiff's behalf.

Third, inmates may only correspond with one another if they obtain written authorization from the appropriate prison officials. Cal. Code Regs., tit. 15 § 3139 (2016). Plaintiff has not shown any attempt to utilize available and permissible channels in this motion. The fact that Plaintiff believes such channels will not be successful does not overcome his requirement to utilize such procedure.

Last, Plaintiff cannot bring a class action or join other individuals in this action. A pro se prisoner plaintiff may not bring a class action because the inmate is not an adequate class representative able to fairly represent and adequately protect the interests of the class. Fed. R. Civ. P. 23(a); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) (holding "a litigant appearing in propria persona has no authority to represent anyone other than himself"). Furthermore, although Rule 24 of the Federal Rules of Civil Procedure allows intervention in actions (if certain requirements are meet), Plaintiff is remiss in his claim that he is in need of a court order to communication with the inmate witnesses as to such action.

Based on the foregoing, Plaintiff's motion for a court order granting access to communicate with inmate witnesses is DENIED.

IT IS SO ORDERED.

Dated: __**June 2, 2016**__

UNITED STATES MAGISTRATE JUDGE