UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER I. SIMMONS,<br><br>        Plaintiff,<br><br>    v.<br><br>GRISSOM, et al.,<br><br>        Defendants. | Case No.: 1:07-cv-01058-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS<br><br>[ECF No. 181] |

Plaintiff Christopher I. Simmons is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 12, 2016, Plaintiff filed objections and a demand for sanctions for Defendants' purported unauthorized breach of his confidential medical records. (ECF No. 176.) Defendants Grissom, St. Lucia, Keiley, and Rients filed an opposition on May 19, 2016. Plaintiff did not file a reply, and the motion is submitted for review without oral argument pursuant to Local Rule 230(l).

**I.**

**DISCUSSION**

In the instant motion, Plaintiff challenges the Office of the Attorney General's receipt of 561 pages of Plaintiff's medical and mental health records from California Correctional Health Care Services on November 22, 2013. Plaintiff claims Defendants improperly assessed these records. Plaintiff's motion for sanctions must be denied.

1

In the operative complaint, Plaintiff alleges that he is an "individual with physical and mental impairments at all times relevant." (1st Am. Compl. at 4, ECF No. 45.) Plaintiff further indicates he is a "high risk" patient who received "inadequate medical care." (Id.) Plaintiff elaborated that his physical and mental disabilities are well documented in his unit health record (UHR) maintained by CDCR which provided notice to medical personnel. (Id.) Plaintiff stated that he was identified as a "high risk" patient as a result of his medications to treat his psychiatric disability and hypertension. (Id. at 6.) Plaintiff's complaint raised allegations for violations of his rights under the Eighth Amendment for adequate medical treatment.

Defendants submit that based on Plaintiff's allegations, defense counsel requested records from Plaintiff's electronic Unit Health Record (eUHR). The records included Plaintiff's mental health records, due to his allegations of heat sensitivity caused by a psychiatric condition. (ECF No. 176 at 5; ECF No. 45 at 6.) Defendants limited the scope of the request to eliminate irrelevant records such as HIV/AIDS tests, alcohol/drug abuse, and dental records. Defendants obtained the medical records on November 22, 2013. (ECF No. 176 at 5.)

### A. Authorization to Access Medical Records

Here, the California Attorney General's office has obtained a copy of Plaintiff's relevant medical documents to defend against the claims raised by Plaintiff in his complaint. The California Attorney General is the "chief law officer of the state." Cal. Const., Art. 5, § 13. "The Attorney General has charge, as attorney, of all legal matters in which the state is interested…" Cal. Gov't. Code § 12511. The State owes a mandatory duty of indemnity for public employees. Cal. Gov't. Code § 825. Disclosure of Plaintiff's medical records was provided to the Office of the Attorney General, which is entirely proper to defend against Plaintiff's medical claim. See, e.g., Seaton v. Mayberg, 610 F.3d 530, 534 (9th Cir. 2010) (inmate plaintiffs "do not have a constitutionally protected expectation of privacy in prison treatment records when the state has a legitimate penological interest in access to them.") Simply stated, by filing a complaint for monetary damages, Plaintiff has put his medical condition at issue.

///

///

### B. Health Insurance Portability and Accountability Act (HIPAA)

Regarding Plaintiff's HIPAA argument, Plaintiff is advised that federal courts have found that HIPAA created no private right of action. U.S. v. Streich, 560 F.3d 926 (9th Cir. 2009) ("HIPAA does not provide any private right of action."); Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007)("HIPAA itself provides no right of action."); University of Colorado Hosp. v. Denver Publ'g Co., 350 F.Supp.2d 1142, 1145 (D. Colo. 2004) (holding that HIPAA statutory text and structure display no intent to create a private right of action, and noting that Act expressly provides a method for enforcing prohibitions, i.e., punitive fines and/or imprisonment, which indicates Congress did not intend to allow an additional private remedy). Put another way, only the government can bring a claim against a medical provider for violation of HIPAA.

### C. Federal Rule of Civil Procedure 11 Sanctions

Federal Rule of Civil Procedure 11 sanctions are justified if a party or their attorney submits a pleading to the court which is submitted for an improper purpose, is frivolous, has no evidentiary support or not warranted by the evidence. A party moving for Rule 11 sanctions bear the burden to show why sanctions are justified. See Tom Growney Equip., v. Shelley Irr. Dev., Inc., 834 F.2d 833, 837 (9th Cir. 1987). The Ninth Circuit has stated that Rule 11 sanctions are "an extraordinary remedy, one to be exercised with extreme caution." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1345 (9th Cir. 1988).

Before filing a motion for sanctions with the court, however, the party must first serve it on the opposing party and allow the opposing party a "safe harbor" of 21 days in which to withdraw or correct the challenged filing. Fed. R. Civ. P. 11(c)(2); see also Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC, 339 F.3d 1146, 1150 (9th Cir. 2003). The safe harbor provision is mandatory. Truesdell v. S. Cal. Permanente Med. Grp., 293 F.3d 1146, 1152 (9th Cir. 2002). A party that fails to comply with the safe harbor provision, e.g., by filing a motion for sanctions fewer than 21 days after serving it on the opposing party, is not entitled to sanctions. Holgate v. Baldwin, 425 F.3d 671, 678-679 (9th Cir. 2005).

In this instance, Rule 11 sanctions are not warranted. Defendants have not filed any pleadings which are "baseless." Furthermore, Plaintiff did not comply with the safe harbor provision of Rule 11.

1  The motion was filed on May 9, 2016, and files stamped by the Court on May 12, 2016.  (ECF No.
2  176).  Accordingly, Plaintiff's motion for Rule 11 sanctions must be DENIED, both as procedurally
3  defective and for lack of merit.

**II.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for sanctions is DENIED in its entirety.

IT IS SO ORDERED.

Dated:   **June 3, 2016**

UNITED STATES MAGISTRATE JUDGE