UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER I. SIMMONS,<br><br>   Plaintiff,<br><br>   v.<br><br>GRISSOM, et al.,<br><br>   Defendants. | Case No.: 1:07-cv-01058-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL, WITHOUT PREJUDICE, OF DEFENDANTS SAUCEDA, ELLSTROM, AND RUFINO PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)<br><br>[ECF Nos. 56, 65, 66, 68, 70, 71, 72, 80, 81, 83, 118, 134, 149, 163] |

Plaintiff Christopher I. Simmons is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Despite two separate attempts to serve Defendants Sauceda, Ellstrom, and Rufino, the United States Marshal has been unable to locate and serve these defendants. (ECF Nos. 56, 65, 66, 68, 70, 71, 72, 80, 81, 83, 118, 134, 149, 163.)

**I.**

**DISCUSSION**

On February 18, 2014, and February 19, 2014, the Court issued orders to show cause as to why Defendants Sauceda, Ellstrom, and Rufino should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

1

On April 23, 2014, Plaintiff filed responses to the orders to show cause along with a request for judicial notice of supplemental documents he submitted to assist with service by the U.S. Marshals. (ECF Nos. 80, 81.)

On May 21, 2014, the Court issued a second order directing service on Defendants Leslie A. Sauceda, T. Ellstrom and Rufino. (ECF No. 83.)

On March 9, 2015, at the request of the United States Marshal, the Court re-served a copy of the Court's May 21, 2014, order. (ECF No. 118.)

On October 15, 2015, the USM-285 form was returned unexecuted as to Defendant Rufino with a notation "CDCR special investigator unable to locate [or] identify." (ECF No. 134.)

On December 24, 2015, the USM-285 form was returned unexecuted as to Defendant Ellstrom with a notation "returned unknown at address, no new information unable to find, return unexecuted unable to locate." (ECF No. 149.)

On January 25, 2016, the USM-285 form was returned unexecuted as to Defendant Sauceda with a notation "not employed at address. Per CDCR investigator no new information, unable to locate, return unexecuted." (ECF No. 163.)

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to

2

effect service is automatically good cause. . . ." <u>Walker</u>, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. <u>Walker</u>, 14 F.3d at 1421-22.

At this juncture, the Marshal's Office has exhausted the avenues available to it in attempting to locate and serve Defendants Sauceda, Ellstrom, and Rufino. <u>Walker</u>, 14 F.3d at 1421-22. Accordingly, dismissal, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure is warranted.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants Sauceda, Ellstrom, and Rufino be dismissed, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 6, 2016**

UNITED STATES MAGISTRATE JUDGE