**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER I. SIMMONS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GRISSOM, et al.,<br><br>　　　　　Defendants. | Case No.: 1:07-cv-01058-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DOE DEFENDANTS FROM ACTION, WITHOUT PREJUDICE<br><br>[ECF No. 225] |

　　　　Plaintiff Christopher I. Simmons is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　This action is proceeding against Defendants Grissom, Keiley, St. Lucia and Does #1-10 for deliberate indifference toward Plaintiff's "heat risk" condition, in violation of the Eighth Amendment, against Defendants Rients and Akanno for deliberate indifference arising from the deprivation of Plaintiff's pain medication, in violation of the Eighth Amendment, and against Defendants Rients and Akanno for retaliation, in violation of the First Amendment.

　　　　On April 18, 2016, Defendants Grisson, Keiley, Rients and St. Lucia filed a motion for summary judgment. (ECF No. 172.)

　　　　On May 18, 2016, Defendant Akanno filed a motion for summary judgment. (ECF No. 179.)

　　　　On November 1, 2016, Defendants Sauceda, Ellstrom and Rufino were dismissed from the action without prejudice pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 211.)

1

On February 15, 2017, the Court issued an order to show cause why the Doe Defendants should not be dismissed from the action given that Plaintiff failed to file an amended complaint as to the identity of the "Doe" Defendants. (ECF No. 212.) Plaintiff filed a response to the order to show cause on May 24, 2017. (ECF No. 225.)

In his response to the order to show cause, Plaintiff contends that he has been "obstructed from complying with this court's order to show cause by acts traceable to Defendants and their agents and employees." (Resp. Order Show Cause at 1, ECF No. 225.) He specifically contends that he has been transferred to different prison and medical facilities and has been impeded in his requests for discovery.

Plaintiff has previously raised the same arguments regarding his medical and mental conditions which the Court has considered and extended the applicable deadlines to accommodate Plaintiff's circumstances. To recap, discovery in this action opened in July 2014, and the parties were given eight months to conduct pretrial discovery. (ECF No. 90.) In December 2014, Plaintiff was transferred from the California Medical Facility (CMF) to the Atascadero State Hospital (ASH) for psychiatric treatment. (ECF Nos. 105, 107.) Plaintiff was retained at ASH for 49 days, from December 5, 2014, to January 23, 2015. (ECF No. 113, at 2 and n.1.) During this time, Plaintiff was without his legal materials. (Id. at 2.) As a result, the Court modified the scheduling order by extending the discovery deadline and the dispositive motion deadline, each by 60 days. (ECF No. 115.)

Then, approximately two months later, Plaintiff was transferred from the CMF to ASH a second time. (ECF No. 120.) Plaintiff was again separated from his legal materials for just over 90 days. The Court modified the scheduling order by extending the discovery deadline for an additional 60 days, and the dispositive motion deadline for an extra 50 days. (ECF No. 123.) On September 28, 2015, the Court denied Plaintiff's motion to stay the proceedings but extended the discovery and dispositive motion deadlines each by thirty days. (ECF No. 131.) The discovery deadline expired on October 28, 2015. (ECF No. 131.) On November 9, 2015, the Court denied Plaintiff's motion for reconsideration of the denial of his request to stay the proceedings. (ECF No. 135.)

On December 24, 2015, Plaintiff filed a motion to amend the complaint. (ECF No. 150.) Defendants filed an opposition on January 14, 2016, and Plaintiff filed a reply on January 29, 2016. (ECF Nos. 155, 164.)

On February 29, 2016, the Court denied Plaintiff's motion to further extend the discovery deadline due to the lack of a showing of due diligence and good cause. (ECF No. 165.) In this same order, the Court also denied Plaintiff's motion to amend the complaint stating, in relevant part:

> Here, Plaintiff's attempt to amend the complaint is futile. Plaintiff seeks to amend the complaint to add an Eighth Amendment claim regarding being "dumped" off a gurney causing severe debilitating pain against Defendant Dr. Akanno. This claim was previously addressed by the Court in its March 15, 2013, screening order. As stated in the Court's March 15, 2013, order, although Plaintiff stated a cognizable claim against a "Doe" nurse and four "Doe" correctional officers, the claim was improperly joined in this action. (Order, ECF No. 47, at 6.) The Court further stated "Plaintiff did not allege that any of the Doe defendants involved in the gurney incident are the same Doe defendants involved in the 'heat risk' incidents." (Id. at 9.) Plaintiff contends that he now seeks to amend to identify of Defendant Dr. Akanno as liable for the gurney incident. However, Plaintiff's first amended complaint did not and does not state a cognizable claim against Defendant Dr. Akanno as a "Doe" defendant based on the gurney incident; rather, the cognizable claim was found only as to one "Doe" nurse and four "Doe" correctional officers. Thus, Plaintiff's motion to amend to add the claim appears to be a transparent attempt to bootstrap this claim into this action against Dr. Akanno who is a Defendant in an unrelated claim. Indeed, Plaintiff's inmate grievance attached to his motion to amend confirms that it was a nurse and correctional officers who alleged "dumped" him out of the gurney. In Log Number KVSP-0-06-03503, Plaintiff states "On October 13, 2006, at approximately 2100 hours I fell out of my wheelchair when my left arm gave out on me as a result of weakness due to burning pain on the left side of my head, neck, and shoulder, radiating down the left side, my entire back, including my left buttock down the left leg. During the medical emergence call, the nurse looked on as a group of correctional officers, supervised by two Sergeants (Sgts), picked me up without a stretcher or brace, and put me on a gurney. At the facility A clinic, the same C/O's dumped me off the gurney sideways while my midsection was secured to the gurney, leaving me hanging off the side exacerbating my serious back condition, resulting in 10/10 pain; BP 196/138." (First Mot. to Amend, ECF No. 150, at 8.)

(Order, at 4:23-5:18, ECF No. 165.) In addition, the Court rejected Plaintiff's attempt to re-raise a claim under the American with Disabilities Act (ADA). (Id. at 5:21-6:16.)

At the time the complaint was filed in this action, Rule 4(m) of the Federal Rules of Civil Procedure provided, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against

that defendant or order that serve be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

As demonstrated above, in this instance, despite having ample time to do so, Plaintiff has failed to set forth good cause for his failure to identify the Doe Defendants so that the United States Marshal could serve the summons and complaint. Plaintiff cannot continue to fault the Court or defense counsel based on unfounded allegations of misconduct. Therefore, the Doe Defendants should be dismissed from this action for Plaintiff's failure to effect service of process in complaint with Rule 4(m).

Based on the foregoing, it is HEREBY RECOMMENDED that the Doe Defendants be dismissed, without prejudice.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 15, 2017**

UNITED STATES MAGISTRATE JUDGE

4